J-S32032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: Z.I.W., JR., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: E.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 265 MDA 2018 |

Appeal from the Decree January 8, 2018
in the Court of Common Pleas of Lancaster County
Orphans' Court at No.:  0063 of 2017

| | | |
|---|---|---|
| IN RE: Z.M.W., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: E.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 266 MDA 2018 |

Appeal from the Decree January 8, 2018
in the Court of Common Pleas of Lancaster County
Orphans' Court at No.:  0064 of 2017

| | | |
|---|---|---|
| IN RE: Z.I.W., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: E.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 267 MDA 2018 |

Appeal from the Decree January 8, 2018
in the Court of Common Pleas of Lancaster County
Orphans' Court at No.: 0065 of 2017

| IN RE: Z.M.W., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: E.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 268 MDA 2018 |

Appeal from the Decree January 8, 2018
in the Court of Common Pleas of Lancaster County
Orphans' Court at No.: 0066 of 2017

| IN RE: Z.J.W., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: E.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 269 MDA 2018 |

Appeal from the Decree January 8, 2018
in the Court of Common Pleas of Lancaster County
Orphans' Court at No.: 0067 2017

| IN RE: Z.J.S., A MINOR | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: E.S., MOTHER | : | |
| | : | |

:
:
:
:
:         No. 270 MDA 2018


Appeal from the Decree January 8, 2018
in the Court of Common Pleas of Lancaster County
Orphans' Court at No.:  2017-00068


BEFORE:   PANELLA, J., NICHOLS, J., and PLATT[*], J.

MEMORANDUM BY PLATT, J.:          **FILED AUGUST 10, 2018**

In these consolidated cases[1], E.S. (Mother) appeals the decrees of the Court of Common Pleas of Lancaster County (trial court), entered January 8, 2018, that terminated her parental rights to her son Z.I.W., Jr. (born 8/04), her daughter, Z.M.W. (12/06), her son Z.I.W. (8/08), her daughter Z.M.W. (1/10), her son Z.J.W. (12/10), and her son Z.J.S. (10/12) (Children). Mother's counsel has filed a motion to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  We affirm the trial court decrees and we grant counsel's motion to withdraw.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] This Court consolidated these cases, on Mother's motion, in an order entered on March 23, 2018, because they involve the same appellant and similar issues.

[2]  The trial court also terminated the parental rights of Z.I.W., Sr., the father of Z.I.W., Jr., Z.M.W., Z.I.W., Z.M.W. and Z.J.W., and the parental rights of S.T.C., Jr., the father of Z.J.S.  Neither father appealed those terminations, and neither is a party to this appeal.

The Lancaster County Children and Youth Social Services Agency (Agency) filed its petition to terminate Mother's parental rights on January 11, 2017. The trial court summarized the facts that led to the filing of that petition in its Memorandum of January 8, 2018:

> The [C]hildren have been in the legal custody of the Agency since July 14, 2015 and in the physical custody of the Agency since August 5, 2015. Mother was given a Child Permanency Plan (CPP) that contained objectives for her to complete to be reunified with her [C]hildren. To complete the objectives Mother had to be evaluated and seek appropriate treatment for mental health, domestic violence, and drug and alcohol abuse. Mother also had to learn parenting skills, demonstrate financial and housing stability, and maintain an ongoing commitment for [C]hildren. Based on the testimony at the September 26, 2017 hearing and after examining the full juvenile record, the [c]ourt finds that Mother has made only moderate progress on this plan over the two years her [C]hildren have been in the Agency's care, that she lacks the ability to independently and consistently parent and meet the needs of her [C]hildren, and that the termination of her parental rights would be in the best interest of all the [C]hildren.

> Mother has not demonstrated any sense of urgency in having her [C]hildren return to her care throughout the duration of this case. Even though Mother was given a plan on September 8, 2015, she did not attend her mental health evaluation until February 2016 and by then, her health insurance had expired. The Agency made further attempts to connect Mother with providers and, on October 7, 2016, almost a year after her [C]hildren were placed, she attended her first evaluation for mental health. The recommendation of the evaluation was that she continue with treatment, but, to this day, and after missing multiple scheduled intake assessments that could have provided sufficient treatment for the mental health and domestic violence goals, she was unable to provide evidence to the [c]ourt that she completed treatment.

> Mother has also not provided the Agency or the [c]ourt with any evidence that she has appropriate housing for the [C]hildren. While Mother has maintained various jobs during the placement of her [C]hildren, she has not provided documentation of her

income or proof that it would be sufficient to meet the needs of her six [C]hildren. Most troubling to this [c]ourt is the minimal effort that Mother has made to see her [C]hildren. During the past year, Mother was offered an increase in her visits with her [C]hildren from bi-weekly to weekly, which she did not accept. The [C]hildren have been consistently disappointed by Mother's failure to complete her child permanency plan and are in need of permanency and stability.

The reports from each [C]hild's [Court Appointed Special Advocate (CASA)] were admitted into the record. All CASAs recommend that the parental rights of the parents be terminated.

(Trial Court Memorandum and Decree, 1/08/18, at 2-4).

The trial court held hearings on the Agency's petition on May 9, 2017 and September 26, 2017. The trial court adjourned the hearing on May 9, 2017 to permit bonding assessments to be conducted on each of the Children. The trial court named a CASA for each of the Children and a *guardian ad litem* (GAL) who represented the Children as counsel at the hearings.[3]

_____

[3] This Court has recently held that we will address *sua sponte* the failure of an orphans' court to appoint counsel pursuant to 23 Pa.C.S.A. § 2313(a). **See In re K.J.H.**, 180 A.3d 411, 413 (Pa. Super. 2018). Our Supreme Court, in **In re Adoption of L.B.M.**, 161 A.3d 172 (Pa. 2017) (plurality), held that Section 2313(a) requires that counsel be appointed to represent the legal interests of any child involved in a contested involuntary termination proceeding. The Court defined a child's legal interest as synonymous with his or her preferred outcome. With respect to this Court's holding in **In re K.M.**, 53 A.3d 781 (Pa. Super. 2012), that a GAL who is an attorney may act as counsel pursuant to Section 2313(a) so long as the dual roles do not create a conflict between the child's best interest and legal interest, the **L.B.M.** Court did not overrule it.

While the trial court did not appoint separate legal counsel for the Children in this matter, the trial court did appoint Attorney Pamela Breneman to act as the Children's GAL, and appointed individual CASAs for the Children.

The trial court entered its decree terminating Mother's parental rights pursuant to 23 Pa.C.S.A. §§ 2511(a)(1), (2), (5), (8), and (b) on January 8, 2018. Mother filed her notice of appeal and statement of errors complained of on appeal on February 7, 2018. Mother's attorney has filed an application to withdraw as counsel and an ***Anders*** brief.

Our standard of review is as follows:

> In an appeal from an order terminating parental rights, our scope of review is comprehensive: we consider all the evidence presented as well as the trial court's factual findings and legal conclusions. However, our standard of review is narrow: we will reverse the trial court's order only if we conclude that the trial court abused its discretion, made an error of law, or lacked competent evidence to support its findings. The trial judge's decision is entitled to the same deference as a jury verdict.

***In re L.M.***, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted).

Further, we have stated:

> Where the hearing court's findings are supported by competent evidence of record, we must affirm the hearing court even though the record could support an opposite result.
>
> We are bound by the findings of the trial court which have adequate support in the record so long as the findings do not evidence capricious disregard for competent and credible evidence. The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence. Though we are not bound by the trial court's inferences and deductions, we may reject its conclusions only if they involve errors of law or are clearly unreasonable in light of the trial court's sustainable findings.

_____

We have reviewed the record carefully and, viewed in the light of the participation of these individuals, we have no doubt that the preferred outcome for each of the Children is adoption.

- 6 -

*In re M.G.*, 855 A.2d 68, 73-74 (Pa. Super. 2004) (citations omitted).

The trial court terminated Mother's parental rights pursuant to 23 Pa.C.S.A. §§ .2511(a)(1), (2), (5), (8), and (b). In order to affirm the termination of parental rights, this Court need only agree with any one subsection of Section 2511(a). *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*), *appeal denied*, 863 A.2d 1141 (Pa. 2004). Requests to have a natural parent's parental rights terminated are governed by 23 Pa.C.S.A. § 2511, which provides, in pertinent part:

**§ 2511. Grounds for involuntary termination**

**(a) General rule.**—The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:

\* \* \*

(8) The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, the conditions which led to the removal or placement of the child continue to exist and termination of parental rights would best serve the needs and welfare of the child.

\* \* \*

**(b) Other considerations.**—The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child. The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent. With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein

which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511.

It is well settled that a party seeking termination of a parent's rights bears the burden of proving the grounds to so do by "clear and convincing evidence," a standard which requires evidence that is "so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *In re T.F.*, 847 A.2d 738, 742 (Pa. Super. 2004). Further,

> A parent must utilize all available resources to preserve the parental relationship, and must exercise reasonable firmness in resisting obstacles placed in the path of maintaining the parent-child relationship. Parental rights are not preserved by waiting for a more suitable or convenient time to perform one's parental responsibilities while others provide the child with his or her physical and emotional needs.

*In the Interest of K.Z.S.*, 946 A.2d 753, 759 (Pa. Super. 2008) (internal citations omitted).

The trial court concluded that termination was appropriate under § 2511(a)(8).

> "With regard to Section 2511(a)(8), in order to terminate parental rights, an agency must prove by clear and convincing evidence that (1) that the child has been removed from the care of the parent for at least twelve (12) months; (2) that the conditions which had led to the removal or placement of the child still exist; and (3) that termination of parental rights would best serve the needs and welfare of the child."

*In re: C.L.G.*, 956 A.2d 999, 1005 (Pa. Super. 2008) (*en banc)* (citations omitted).

- 8 -

The Adoption Act provides that a trial court "shall give primary consideration to the developmental, physical and emotional needs and welfare of the child." 23 Pa.C.S.A. § 2511(b). The Act does not make specific reference to an evaluation of the bond between parent and child but our case law requires the evaluation of any such bond. *See In re E.M.*, 620 A.2d 481, 484 (Pa. 1993). However, this Court has held that the trial court is not required by statute or precedent to order a formal bonding evaluation performed by an expert. *In re K.K.R.-S.*, 958 A.2d 529, 533 (Pa. Super. 2008).

Before we begin our analysis, we must dispose of the motion to withdraw as counsel filed by Mother's counsel. Mother's counsel, Catherine I. Roland, has filed an application with this Court to withdraw from representation pursuant to *Anders*, *supra* and *McClendon*, *supra*.

Pursuant to *Anders*, when counsel believes an appeal is frivolous and wishes to withdraw representation, he or she must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record . . ., counsel has determined the appeal would be frivolous;
>
> (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no-merit" letter or *amicus curiae* brief; and
>
> (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se,* or raise any additional points he deems worthy of the court's attention.

*In re S.M.B.*, 856 A.2d 1235, 1237 (Pa. Super. 2004) (citation omitted).

In ***In re V.E.***, 611 A.2d 1267, 1274-75 (Pa. Super. 1992), this Court extended the ***Anders*** principles to appeals involving the termination of parental rights. "When considering an ***Anders*** brief, this Court may not review the merits of the underlying issues until we address counsel's request to withdraw." ***In re S.M.B.***, ***supra*** at 1237.

In ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of ***Anders***, *i.e.*, the contents of an ***Anders*** brief. Briefly summarized, it required that the brief:

(1)    provide a summary of the procedural history and facts, with citations to the record;

(2)    refer to anything in the record that counsel believes arguably supports the appeal;

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***See Santiago***, ***supra*** at 361.

With respect to the third requirement of ***Anders***, that counsel inform the defendant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

Here, Mother's attorney, in her motion to withdraw as counsel, has stated that she has made a conscientious review of the record, concluded that her client's appeal is wholly frivolous, and specified the reasons for her conclusion. In addition, she timely mailed her client: (1) a copy of her petition to withdraw; (2) a copy of her *Anders* brief; and (3) a letter advising her client of her rights to proceed *pro se* or to retain private counsel and to raise any additional issues. Mother's counsel has filed the required *Anders* brief in this Court setting forth the issues she believes might arguably support her client's appeal. Thus, counsel for Mother has satisfied the procedural requirements of *Anders* and we will grant her leave to withdraw as counsel.

We have reviewed the trial court's memorandum in this matter and conclude that it is a thorough and correct analysis of the facts and the law as they apply to each of the Children.[4] Accordingly, we affirm the decree of the Court of Common Pleas of Lancaster County that terminated Mother's parental rights pursuant to 23 Pa.C.S.A. § 2511(a)(8) and (b) on the basis of the concise and well-written opinion of the Honorable Jay J. Hoberg.

_____

[4] This Court has stated, "[o]nce counsel has satisfied the above requirements [for a motion to withdraw and *Anders* brief], it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004)); *see also Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (following *Goodwin*). On independent review, we conclude that the Agency has established sufficient grounds for the termination.

Decree affirmed.  Motion to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/10/2018