OPINION BY STRASSBURGER, J.:
L.A.P. (Paternal Grandmother) and D.W.P. (Paternal Grandfather) (collectively, Paternal Grandparents) appeal from the order entered on July 11, 2017, denying their petition to terminate involuntarily the parental rights of K.Z. (Mother) as to K.J.H. (Child). After review, we vacate the order and remand for proceedings consistent with this opinion.
The orphans' court set forth the factual background of this case as follows:
[Child] was born [in February of 2012 to Mother and D.J.H. ("Father"). Child] was born opium dependent due to Mother's use of heroin during her pregnancy. [C]hild stayed in the [neo-natal intensive care unit] after his birth, but was eventually released into Mother's care, and remained in Mother's care until she went to prison due to drug use. When she went to prison, she left [C]hild in Father's care; however, Father also has a history of drug use, and he [was incarcerated shortly after assuming custody of Child]. When Father was no longer able to care for [Child, Paternal Grandmother] assumed custody of [C]hild.
* * *
Since 2012, Mother has not provided support, either financially or emotionally, for [C]hild. Mother testified that[,] while incarcerated, she stopped attempting to contact [C]hild because [Paternal] Grandmother stated that [C]hild's therapist said it would be detrimental to hear from Mother. Also, Mother testified that she was told by [a staff member] at Lebanon County Prison that [Paternal] Grandmother did not want Mother to contact her or [C]hild, and[,] if Mother continued to do so, Mother would be charged with harassment.
During Mother's incarceration from 2014 to 2017, Mother attempted to send [C]hild three cards/drawings via her [parents] but none of these cards made it to [C]hild. Only one attempt to send a card to [C]hild was made within six [ ] months prior to [Paternal Grandparents'] filing of [the termination petition]. Mother is currently out of prison and sober. Mother moved in with her mother [ ] in Elizabethtown in order to aid her in staying sober. Mother is working and attending drug addiction counseling twice a week and taking an opioid-blocking medication. Mother has three other children beside[s C]hild in this matter. Mother's goal is to gradually start seeing all of her children, and start to work her way to having periods of custody with each child. Currently, Mother is seeing all of her children on a monthly basis, except [C]hild subject to this [p]etition.
On March 15, 2012, Father signed a guardianship agreement granting full guardianship of [C]hild to [Paternal] Grandmother. On May 4, 2012, [via a court order, Paternal] Grandmother was granted temporary physical and legal custody of [C]hild.
Trial Court Opinion, 8/7/17, at 2-4. Mother was incarcerated at Lebanon County Prison from 2014 to 2017 and she never contested *413 this custody arrangement. Mother was released from prison on February 27, 2017.
On February 24, 2017, Paternal Grandparents filed a petition seeking to terminate involuntarily Mother's parental rights and terminate voluntarily Father's parental rights as to Child. On May 18, 2017, the trial court held a hearing on the petition. On July 11, 2017, the trial court denied Paternal Grandparents' petition to terminate Mother's parental rights.[1] This timely appeal followed. Both Paternal Grandparents and the orphans' court complied with Pa.R.A.P. 1925.
Before we reach the issues presented by Paternal Grandparents on appeal, we address sua sponte the orphans' court's failure to appoint counsel for Child, as it is structural error requiring our consideration.[2] The concept of structural error in termination of parental rights cases has been addressed recently by our Supreme Court.
A structural error is defined as one that affects the framework within which the trial proceeds, rather than simply an error in the trial process itself. Structural errors are not subject to harmless error analysis. Generally, denial of counsel is a structural error, see Commonwealth v. Martin , [607 Pa. 165] 5 A.3d 177, 192 ( [Pa.] 2010) ; although such error usually stems from deprivation of a constitutional right to counsel. Here, by contrast, the right to counsel is statutory.[3 ] Nonetheless, we do not find that distinction to be determinative. The same concerns are evident regardless of the derivation of the right. Whether the right to counsel is conferred by constitution or statute, the right having been conferred must be protected.
In re Adoption of L.B.M. , 639 Pa. 428, 161 A.3d 172, 183 (2017) (Opinion Announcing the Judgment of the Court, with five Justices joining this section).
Instantly, Mother was contesting Paternal Grandparents' petition; accordingly, the orphans' court was mandated to appoint counsel. Moreover, Child, due to his minority and lack of representation in the orphans' court, could not raise this issue himself. As we have pointed out:
The right to counsel belongs to the child, and there is no appointed counsel for the child who could have raised the child's rights in the proceedings before the [orphans'] court. The question goes to a fundamental statutory requisite to the [orphans'] court's decision in this matter.
*414 Upon our careful review of the record in this case and the [orphans'] court's disposition, we must conclude that the [orphans'] court committed an error of law by failing to appoint counsel to represent the child pursuant to 23 Pa.C.S.A. § 2313(a), which directs that the court "shall" appoint such counsel. This Court has previously observed that the word "shall" is usually mandatory or imperative when used in a statute, although whether that word is directory or permissive is dependent upon the intent of the Legislature. Regarding the Legislature's use of the word "shall" in section 2313(a) of the Adoption Act, this Court has interpreted the word "shall" in section 2313 ( [a] ) as being mandatory, not permissive, and as serving as a direction to the court to appoint counsel.
In re Adoption of G.K.T. , 75 A.3d 521, 526 (Pa. Super. 2013) (citing In re E.F.H. , 751 A.2d 1186, 1189-90 (Pa. Super. 2000) ). See also In re Adoption of N.A.G. , 324 Pa.Super. 345, 471 A.2d 871 (1984) (holding 23 Pa.C.S. § 2313(a) creates a statutory right for a child to have counsel appointed who actively advances his or her needs and welfare and owes loyalty exclusively to him or her; failure to appoint counsel prior to hearing was only harmless because the court eventually appointed counsel and the children did not wish to contest the termination decree); E.F.H. (recognizing the unique position of children, who have no one to raise failure to appoint statutorily-required counsel on their own behalf); G.K.T. (same).
Based on the foregoing, the orphans' court erred by not appointing counsel for Child, and this Court can and must consider this issue sua sponte .[4] Accordingly, we vacate the order and remand for proceedings consistent with this opinion.
Order vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.
Judge Dubow joins this opinion.
Judge Olson files a dissenting opinion.
DISSENTING OPINION BY OLSON, J.:
I agree with the learned Majority's conclusion that the trial court violated 23 Pa.C.S.A. § 2313(a) by failing to appoint counsel for Child. Like the author of the Majority, I joined now-Justice Mundy's opinion in In re Adoption of G.K.T. , 75 A.3d 521 (Pa. Super. 2013). Hence, I agree that failure to appoint counsel for the Child is reversible error. I disagree, however, with the Majority's holding that we may raise this issue sua sponte . In my view, we lack *415 the authority to raise the issue sua sponte . Hence, I dissent.
"It is well-established that where the parties in a case fail to preserve an issue for appeal, an appellate court may not address that issue sua sponte ." Johnson v. Lansdale Borough , 637 Pa. 1, 146 A.3d 696, 709 (2016) (citation omitted). There are few exceptions to this rule, e.g. , this Court may raise the issue of subject matter jurisdiction sua sponte . See Commonwealth v. Parker , 173 A.3d 294, 296 (Pa. Super. 2017) (citation omitted).
The Majority relies on G.K.T. in support of its argument that we must vacate the trial court's order in this case. In G.K.T. , however, the appellant raised the failure to appoint counsel for the child before this Court. Id. at 525. In this case Paternal Grandparents did not raise the issue before this Court. Thus, G.K.T. is distinguishable from the case at bar.
The Majority cites In re X.J. , 105 A.3d 1 (Pa. Super. 2014), in support of its argument that we may raise the failure to appoint Child counsel sua sponte . In X.J. , this Court denied an attorney's petition to withdraw as counsel pursuant to Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). X.J. , 105 A.3d at 4. Thus, this Court had a well-established duty to independently review the record to determine the presence of any issues of arguable merit and this Court raised the trial court's failure to appoint counsel for the mother in the context of discharging that duty. In this case, we do not have a duty to independently review the record to determine if Paternal Grandparents' counsel missed an issue of arguable merit. To the contrary, this Court is forbidden from performing that review. See Johnson , 146 A.3d at 709.
The Majority also relies on In re Adoption of L.B.M. , 639 Pa. 428, 161 A.3d 172 (2017). In that case, our Supreme Court held that failure to appoint counsel, separate from the guardian ad litem , for children in a contested termination of parental rights case is structural error. See id. at 183. In L.B.M. , however, our Supreme Court did not address an appellate court's authority to raise the appointment issue sua sponte . Instead, the issue was raised by the parties. See Brief of Guardian Ad Litem , 2016 WL 4421262, *3. Hence, L.B.M. does not support sua sponte review as the Majority attempts to suggest.
The underlying premise of the Majority's argument is that we may raise any structural error sua sponte . Since our Supreme Court characterized failure to appoint counsel for a child in a contested termination case as structural error, the Majority reasons that we may raise the failure to appoint counsel for Child in this case sua sponte . I disagree with this premise. Our Supreme Court has previously found that a defendant can waive a structural error. See Commonwealth v. Rega , 620 Pa. 640, 70 A.3d 777, 786-787 (2013) (citation omitted). Such a finding indicates that this Court may not raise any structural error sua sponte because, if we can raise an issue sua sponte , it is ipso facto impossible to waive that issue. Because structural errors can be waived, this Court cannot raise every structural error sua sponte .
Structural errors comprise a category of procedural defects which, if raised, entitle a litigant to relief without resort to harmless error analysis-they say nothing about the authority of appellate courts to raise the issue sua sponte . Combined, several cases illustrate this point. A violation of the right to a public trial is a structural error. Weaver v. Massachusetts , --- U.S. ----, 137 S.Ct. 1899, 1910, 198 L.Ed.2d 420 (2017). Nonetheless, a defendant can waive the right to a public trial. Rega , 70 A.3d at 786-787, citing Peretz v. United States , 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). As the Supreme Court *416 of the United States explained in Weaver , "in the case of a structural error where there is an objection at trial and the issue is raised on direct appeal, the defendant generally is entitled to automatic reversal regardless of the error's actual effect on the outcome." Weaver , 137 S.Ct. at 1910, citing Neder v. United States , 527 U.S. 1, 7, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).[1] Therefore, labeling an error structural only prevents an appellate court from finding the error harmless if the appellant raises the issue. It does not imply that an appellate court may raise the issue sua sponte . Instead, only the Supreme Court of the United States or our Supreme Court may decide that an appellate court can raise a type of error sua sponte . As the Majority concedes, that has not occurred in this context.
I sympathize with the result reached by the Majority in this case. Child, an innocent party, was denied his statutory right to counsel in this contested termination of parental rights proceeding. Nonetheless, this error did not deprive the trial court's subject matter jurisdiction. In the future, our Supreme Court may decide that an appellate court may raise a trial court's failure to appoint counsel for a child in a contested termination case sua sponte . As it has not done so yet, this intermediate appellate court is bound by our Supreme Court's repeated admonishments not to raise issues sua sponte .
As I believe that this Court lacks the authority to raise the issue sua sponte , I turn to the merits of the issues raised by Paternal Grandparents. After careful consideration of the certified record and the parties' submissions, I conclude that Paternal Grandparents are not entitled to relief. The trial court's factual findings regarding barriers erected by Paternal Grandmother is supported by the record, and this Court is bound by that determination. Moreover, the trial court's legal conclusion that Paternal Grandparents failed to prove the requirements of section 2511(a)(1) by clear and convincing evidence is free of legal error. As Paternal Grandparents failed to prove by clear and convincing evidence the grounds for termination in section 2511(a)(1), I need not address their third issue on appeal. Even assuming arguendo that termination of Mother's parental rights is in Child's best interest under section 2511(b), the trial court could not terminate Mother's parental rights unless it found that section 2511(a)(1) was satisfied. Accordingly, I would affirm the trial court's order denying Paternal Grandparent's petition to involuntarily terminate Mother's parental rights as to Child.
I respectfully dissent.

Father consented to the termination of his parental rights.

While there is no case directly on point, this Court has addressed sua sponte the appointment of counsel for parents. See In re X.J. , 105 A.3d 1, 4 (Pa. Super. 2014) (holding this Court may address sua sponte the orphans' court's failure to appoint counsel on behalf of a parent in a termination of parental rights proceeding). Moreover, this Court regularly addresses sua sponte a Post Conviction Relief Act court's failure to appoint counsel on behalf of an indigent petitioner, even where that individual has not raised the issue. See e.g. Commonwealth v. Stossel , 17 A.3d 1286, 1290 (Pa. Super. 2011) (holding "where an indigent, first-time PCRA petitioner was denied his right to counsel-or failed to properly waive that right-this Court is required to raise this error sua sponte and remand for the PCRA court to correct that mistake").

Child's statutory right to counsel is clear:
The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.
23 Pa.C.S. § 2313(a).

The learned dissent is suggesting that this opinion stands for the proposition that "we may raise any structural error sua sponte ." Dissent, at 415. Such a reading is incorrect, as this opinion speaks to only one structural error, the appointment of counsel for a child in a contested termination of parental rights proceeding. See generally Commonwealth v. Martin , 607 Pa. 165, 5 A.3d 177, 208-9 (2010) (Saylor, J. concurring) ("There appears to be a split of authority among jurisdictions as to whether structural error may be waived. Compare Mains v. Commonwealth , 433 Mass. 30, 739 N.E.2d 1125, 1128 n. 3 (2000) ("Our cases have held that even structural error is subject to the doctrine of waiver."), with State v. Aragon , 221 Ariz. 88, 210 P.3d 1259, 1262 (2009) (declining to apply waiver principles to an error found to have been structural). On the one hand, structural error, by definition, impacts the basic integrity of the trial, which must be assured to maintain public confidence in the criminal justice system. On the other hand, there is the possibility, if all structural errors are treated as non-waivable, for the defense to omit an objection to assure a reversal on appeal in the absence of an acquittal. See Reid v. State , 286 Ga. 484, 690 S.E.2d 177, 181 (2010) (reflecting the position that structural error is waivable)."). Justice Saylor then goes on to support a fact-based assessment of the particular structural error being raised in deciding whether or not the error is waivable.

Not only did Paternal Grandparents fail to raise the issue of failure to appoint counsel for Child before this Court, Paternal Grandparents failed to raise the issue before the trial court. An en banc panel of this Court is currently considering whether, when a party does not object to the trial court's failure to appoint counsel separate from the guardian ad litem in a contested termination proceeding, but raises the issue on appeal, the issue is waived. See In re K.R. , 692 WDA 2017.