J-A13014-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ADOPTION OF M.B.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: C.B., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1522 WDA 2017 |

Appeal from the Order Entered September 18, 2017
In the Court of Common Pleas of Venango County
Orphans' Court at No(s):  O.C.D. No. 114-2016

BEFORE:  OLSON, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.:                    FILED MAY 25, 2018

C.B. ("Father"), appeals from the September 18, 2017 order terminating his parental rights as to M.B.B. ("Child").  We are constrained to vacate and remand for further proceedings consistent with this judgment order.

As our disposition is based on the procedural posture of this case, we do not set forth the factual background.  On September 27, 2016, T.M.G. ("Mother") and A.J.G. (collectively "Petitioners") filed a petition seeking to terminate Father's parental rights to Child, who was born in October 2012. The trial court never appointed counsel for Child.  Father contested the termination petition and, on August 10, 2017, a termination hearing was conducted with counsel representing Father and Petitioners present.  No counsel representing Child was present.  On September 18, 2017, the trial court issued findings of fact and conclusions of law and entered an order

terminating Father's parental rights as to Child. The trial court subsequently denied Father's motion for reconsideration. This timely appeal followed.

Preliminarily, we are required to sua sponte consider the trial court's failure to comply with 23 Pa.C.S.A. § 2313(a). See In re K.J.H., 180 A.3d 411, 413 (Pa. Super. 2018) (we are required to raise this issue sua sponte). Section 2313(a) provides that a trial "court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents." 23 Pa.C.S.A. § 2313(a) (emphasis added). The statute does not differentiate between petitions filed by county agencies and petitions filed by other persons. As noted above, in this case the trial court failed to appoint counsel for Child. This was a structural error not subject to harmless error analysis. See K.J.H., 180 A.3d at 413, citing In re L.B.M., 161 A.3d 172, 183 (Pa. 2017). Accordingly, we vacate the trial court's September 18, 2017 order terminating Father's parental rights to Child and remand with instructions for the trial court to appoint counsel for Child and to conduct a new termination hearing.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/25/2018

- 2 -