J-S28011-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: K.B.D., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: B.K.D., FATHER | |
| | No. 119 MDA 2018 |

Appeal from the Decree December 21, 2017
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2017-02173

| | |
|---|---|
| IN RE: U.S.D., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: B.K.D., FATHER | |
| | No. 163 MDA 2018 |

Appeal from the Decree December 21, 2017
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2174 of 2017

| | |
|---|---|
| IN RE: N.M.D., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: B.K.D., FATHER | |
| | No. 164 MDA 2018 |

Appeal from the Decree December 21, 2017
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2175 of 2017

| | |
|---|---|
| IN RE: B.M.D., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |

```
                                :
  APPEAL OF: B.K.D., FATHER      :
                                :
                                :
                                :
                                :
                                :
                                :
                                :   No. 165 MDA 2018
```

Appeal from the Decree December 21, 2017
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2176 of 2017

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 07, 2018**

Appellant, B.K.D. (Father), appeals from the decree entered on December 21, 2017, involuntarily terminating his parental rights to four children, K.B.D. (a male, born in January, 2009), U.S.D. (a male, born in September, 2010), N.M.D. (a female, born in June 2012), and B.M.D. (a male, born in November, 2014) (collectively, the Children). Upon review of the record and recent, applicable case law, we are constrained to vacate the decrees without prejudice and remand this case for further proceedings consistent with this memorandum. The trial court summarized the facts of this case as follows:

> [The Lancaster County Children and Youth Services Agency (the Agency)] received a report, on November 4, 2016, that the [C]hildren were living with their paternal grandparents and the grandparents, having serious medical issues, could no longer care for the [C]hildren.  At the time of the report, Father was incarcerated and Mother's[1] whereabouts were unknown.  The [A]gency offered assistance to allow the [C]hildren to remain in

---

[1] Mother, J.L.P., does not appeal the termination of her parental rights and is not a party to the instant appeal.

their home, but the grandparents requested the [C]hildren be removed. The [A]gency has a prior history with this family. In 2014, there were reports of suspected drug abuse by both parents. [...I]n 2016, Father was at the hospital with one of the children and was unable to give the child's name or date of birth.

Trial Court Opinion, 1/26/2018, at *2 (unpaginated).

Procedurally, the case progressed as follows:

[O]n November 9, 2016, [the Agency] petitioned for and received physical custody of [the Children]. A [s]helter [c]are [h]earing was held on November 11, 2016 and [Mother] was not present. [Father] was present and waived the [s]helter [c]are [h]earing without admitting any of the allegations set forth in the Agency's petition for custody. An [a]djudication and [d]isposition hearing was held on December 15, 2016, finding the [C]hildren dependent.[2] The [trial c]ourt approved Child Permanency Plans ("CPP") containing objectives for both parents. On October 2, 2017, the Agency petitioned to terminate the parental rights of Father and Mother to the [C]hildren pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), (5), and (8). A hearing on the termination petition was held on December 21, 2017, resulting in the [trial c]ourt issuing a decree involuntarily terminating Mother's and Father's rights to the [C]hildren.

*Id.* at *1. This timely appeal resulted.[3]

_____

[2] Upon review of the record, the trial court appointed Cynthia L. Garman, Esquire as guardian *ad litem* (GAL) for the Children. Attorney Garman was present at the termination hearing and examined witnesses on behalf of the Children. At the end of the termination proceeding, Attorney Garman opined that it was in the Children's best interests for the trial court to involuntarily terminate the parental rights of Mother and Father. N.T., 12/21/2017, at 94.

[3] On January 19, 2018, Father filed a notice of appeal and corresponding concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 26, 2017.

Recently, and applicable herein, a panel of our Court issued a published opinion which addressed a child's statutory right to the appointment of legal counsel. *See In re K.J.H.*, 180 A.3d 411 (Pa. Super. 2018). Therein, we examined 23 Pa.C.S.A. § 2313 and our Supreme Court's divided decision in *In re Adoption of L.B.M.*, 161 A.3d 172 (Pa. 2017) and explained that children have a clear statutory right to mandatory appointment of counsel to represent their legal interests in termination of parental rights proceedings. Because the failure to appoint legal counsel has been deemed a structural error, this Court, based upon the minor status of affected children, must raise the failure to appoint statutorily-required legal counsel for children *sua sponte*. The *L.B.M.* Court, however, could not agree as to whether an attorney appointed to represent a child as a guardian *ad litem* could also represent a child's legal interests.[4] Justice Wecht, joined by Justices Donohue and Doughtery, believed "the trial court is required to appoint a separate, independent attorney to represent a child's legal interests even when the child's GAL, who is appointed to represent the child's best interests, is an attorney. Justice Wecht would hold that the interests are distinct and require separate representation." *In re D.L.B.*, 166 A.3d 322, 329 (Pa. Super. 2017).

---

[4] "[A] child's legal interests [] are synonymous with the child's preferred outcome[.]" *In re Adoption of L.B.M.*, 161 A.3d at 174.

Chief Justice Saylor authored a concurrence in **L.B.M.,** joined by Justice Todd, suggesting that, "a child's legal and best interests may be indistinguishable, including, most notably, cases involving children who are too young to express their wishes." **L.B.M.**, 161 A.3d 172, 184 (Pa. 2017) (Saylor, concurring). Chief Justice Saylor opined that, "[i]n such circumstances, mandating the appointment of separate counsel seems superfluous and potentially wasteful." **Id.** (footnote omitted). Instead, Chief Justice Saylor suggested, "the propriety of permitting the same individual to serve in both capacities[, as GAL and legal interest counsel,] should be determined on a case-by-case basis, subject to the familiar and well-settled conflict of interest analysis." **Id.** (Saylor, concurring).

Justice Baer issued a dissent in **L.B.M.**, opining that "it would be a better practice for courts in every contested termination proceeding to place an order on the record formalizing the appointment of counsel to highlight for all parties the responsibility for the representation of the child's legal interests, while simultaneously permitting that attorney to serve as the child's GAL so long as there is no conflict of interest between the child's legal and best interests." **Id.** at 188 (Baer, dissenting).

Justice Mundy also dissented in **L.B.M.**, opining that she believed the appointment of a GAL, who is an attorney, satisfies the statutory mandate to appoint legal counsel to represent children in contested termination proceedings. **Id.** at 191 (Mundy, dissenting).

Thus, "while the [concurring and dissenting opinions in *L.B.M.*] agreed that the appointment of counsel for [a] child is required in all [termination of parental rights] cases [], they did not join that part of Justice Wecht's opinion which sought to hold that the [GAL] may never serve as counsel for the child." *In re D.L.B.*, 166 A.3d at 329. "Rather, such separate representation would be required only if the child's best interests and legal interests were somehow in conflict." *Id.*

Here, Attorney Garman advised the trial court that termination of Father's parental rights was in the Children's best interests. Nevertheless, despite Attorney Garman's assurances to the trial court that she could serve the Children as both GAL and legal counsel,[5] she never advanced the Children's legal interests or provided evidence of the Children's preferred outcomes in the termination proceedings. Moreover, Attorney Garman did not indicate she was unable to ascertain the Children's preferences because of age or level of development. As such, the record does not substantiate that the Children's statutory right to legal counsel was observed. Hence, we are constrained to vacate the decrees without prejudice and remand for the appointment of new counsel to represent the Children's legal interests. *See In re Adoption of T.M.L.M.*, 2018 WL 1771194, at *4 (Pa. Super. 2018) (remanding for the appointment of separate legal-interests counsel when the

---

[5] *See* N.T., 12/21/2017, at 78.

guardian *ad litem* indicated that she could act as both guardian *ad litem* and legal-interests counsel for the child, but failed to consult with the child or otherwise state the child's preferred outcome on the record).   After reviewing the prior proceedings and appropriately consulting with each child, legal-interests counsel shall notify the trial court whether the result of the prior proceedings was consistent with each child's legal interest or whether counsel believes a new hearing is necessary to advocate separate preferred outcomes or placements for the Children.  **Id.**   The trial court shall conduct a new hearing only if it serves the "substantive purpose" of providing the Children with an opportunity to advance their legal interests through new counsel.  **Id.**   If, however, a new hearing is deemed unwarranted, the trial court may re-enter the original decrees.

Decrees vacated without prejudice.  Case remanded for the appointment of legal counsel and additional proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2018