J-S37003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: K.S.M.E., A MINOR | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : : | |
| APPEAL OF: C.L.S., MOTHER | : : : : : | |
| | : | No. 518 EDA 2018 |

Appeal from the Decree January 10, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-AP-0001129-2017,
FID: 51-FN-002510-2015

| | | |
|---|---|---|
| IN THE INTEREST OF: A.S.S., A MINOR  APPEAL OF: C.L.S., MOTHER | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : : : : | |
| | : | No. 519 EDA 2018 |

Appeal from the Decree January 10, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-AP-0001131-2017,
FID: 51-FN-002510-2015

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 13, 2018**

C.L.S. ("Mother") appeals from the decrees entered on January 10, 2018 terminating her parental rights to her dependent, minor children, K.S.E. a/k/a K.S.M.E. ("Child 1") (a female born in July of 2009), and A.S.S. ("Child 2") (a male born in September of 2015) (collectively, the "Children") under the Adoption Act, 23 Pa.C.S. § 2511, and changing the Children's permanency

_____
\* Former Justice specially assigned to the Superior Court.

goal to adoption under the Juvenile Act, 42 Pa.C.S. § 6351.[1] We are constrained to vacate and remand for further proceedings consistent with this Memorandum.

As our disposition is based on the procedural posture of this case, we do not set forth the factual background, and adopt the factual background and procedural history set forth in the trial court opinion. On November 20, 2017, the Philadelphia Department of Human Services ("DHS") filed a petition to terminate the parental rights of Mother and S.P. (Child 2's father) to their child, Child 2, and change his permanency goal to adoption, and a petition to terminate Mother's parental rights to her child, Child 1, and change Child 1's permanency goal to adoption. The trial court appointed legal counsel for the Children, Attorney Edward Millstein, and a guardian *ad litem* ("GAL") for the

---

[1] The Children have two siblings, A.S. ("Sibling 1") (born in May of 2012), and K. (born in March of 2017) ("Sibling 2"). Child 2 and Sibling 1 are in the same foster home, while Child 1 and Sibling 2 are in a separate foster home. **See** N.T., 1/10/18, at 34-35, 40, 82, 90. On February 28, 2018, the trial court terminated Mother's parental rights with regard to Sibling 1, and changed her permanency goal to adoption. Mother filed an appeal from the decree and order (**see** 813 EDA 2018), which is not before the Court in this appeal, and we address in a separate Memorandum. On February 28, 2018, the trial court issued an aggravated circumstances order for Sibling 2. Trial Court Opinion (K.S.E.), 4/6/18, at 2, n.2; Trial Court Opinion (A.S.S.), 4/6/18 at 2, n.2. The instant appeal does not involve a challenge to that order. Child 1's father died in September of 2015. Trial Court Opinion (K.S.E.), 4/6/18, at 2, n.4. On January 10, 2018, the trial court terminated the parental rights of S.P. (father of Child 2), and any unknown, putative father to A.S.S. Trial Court Opinion (A.S.S.), 4/6/18, at 2, n.2. Neither S.P. nor any putative father filed an appeal from the termination of his parental rights and the change of Child 1's permanency goal to adoption, nor is S.P. or any of these individuals a party to the instant appeal.

Children, Attorney Lue Frierson (the Child Advocate). N.T., 1/10/18, at 7. Mother contested the petitions, but neither S.P. nor any unknown father contested the petitions with regard to Child 2. The trial court appointed Attorney Chenille Truitt to represent Mother, and Attorney Carla Beggin to represent Sibling 1's father, A.J.

On January 10, 2018, the trial court held an evidentiary hearing on the petitions.[2] Both Attorney Millstein and Attorney Frierson were present at the hearing. DHS presented the testimony of the Community Umbrella Agency ("CUA") Wordsworth social worker, Miyoshi Contee. Attorney Frierson, Attorney Millstein, and Attorney Truitt conducted cross-examination. N.T., 1/10/18, at 45-53. Mother then testified on her own behalf. The parties' counsel did not conduct cross-examination, but the trial court questioned Mother. Attorney Frierson conducted re-cross examination. *Id.* at 71-72. DHS made a closing statement. Attorney Frierson made a closing statement, in which Attorney Millstein concurred. Mother's counsel requested additional time for her client to comply with her Single Case Plan and the Permanency Plan objectives, and the trial court's permanency review orders. The trial court held in abeyance its decision on the termination of Mother's parental rights and goal change for Sibling 1 until after the presentation of evidence

---

[2] Mother and A.J. were present and represented by their respective counsel, but A.J.'s counsel became ill. The trial court had to schedule a second day of hearing for February 28, 2018, with regard to the termination of A.J.'s parental rights to Sibling 1 and the goal change petition regarding Sibling 1.

regarding A.J. as to termination of his parental rights and the goal change. *Id.* at 80-82.

On January 10, 2018, the trial court entered the decrees that terminated the parental rights of Mother to the Children pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b), and the orders that changed Children's permanency goal to adoption under the Juvenile Act, 42 Pa.C.S.A. § 6351. On February 9, 2018, Mother timely filed a notice of appeal and concise statement pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).[3]

This Court has recently held that we will address *sua sponte* the failure of a trial court to appoint counsel pursuant to 23 Pa.C.S.A. § 2313(a). **See In re K.J.H.**, 180 A.3d 411, 414 (Pa. Super. 2018) (filed February 20, 2018). Our Supreme Court, in **In re Adoption of L.B.M.**, 161 A.3d 172 (Pa. 2017) (plurality), held that 23 Pa.C.S.A. § 2313(a) requires that counsel be appointed to represent the legal interests of any child involved in a contested involuntary termination proceeding. The court defined a child's legal interest as synonymous with his or her preferred outcome. The **L.B.M.** Court did not overrule this Court's holding in **In re K.M.**, 53 A.3d 781 (Pa. Super. 2012), that a GAL who is an attorney may act as counsel pursuant to Section 2313(a) as long as the dual roles do not create a conflict between the child's best interest and legal interest.

---

[3] This Court, acting *sua sponte*, consolidated these appeals on March 6, 2018.

- 4 -

The trial court did appoint legal counsel for the Children in this matter, Attorney Millstein. He was present at the hearing on January 10, 2018, and he conducted cross-examination of the DHS witness. The Children's GAL, Attorney Frierson, was present at the hearing, and she conducted cross-examination of witnesses. There is nothing in the record to demonstrate that either Attorney Millstein or Attorney Frierson interviewed the Children to ascertain their preferred outcome. In fact, Attorney Millstein stated at the commencement of the hearing on January 10, 2018 that he believed he was appointed to represent only Child 1. N.T., 1/10/18, at 7. The trial court corrected Attorney Millstein, and stated that he was appointed as legal counsel for Child 1, as well as Child 2 and Sibling 1. *Id.* We are constrained to vacate the decree and order in this matter, and remand for further proceedings. *See In re T.M.L.M.*, 184 A.3d 585 (Pa. Super. 2018) (filed April 13, 2018) (vacating and remanding for further proceedings when six-year-old child's preference was equivocal and the attorney neglected to interview the child to determine whether legal and best interests were in conflict); *In re: Adoption of: D.M.C. and A.L.C.*, ___ A.3d ___, 2018 PA Super 200 (filed July 9, 2018) (vacating and remanding for further proceedings where the children's legal counsel had a limited conversation over the telephone with a child who was almost thirteen years old, but the child's preferred outcome was not clear from the record, and counsel had no conversation to ascertain the younger, four-year-old child's preferred outcome); *In re: Adoption of: M.D.Q.*, ___ A.3d ___, 2018 Pa Super 199 (filed July 6, 2018) (vacating and remanding where

this Court was unable to ascertain from the record whether the appointed counsel represented the subject children's legal interests and ascertained their preferred outcomes, but appeared to have speculated as to their preferred outcomes, and this Court could not determine the Children's legal interests from the record. In fact, the record appeared to suggest a conflict between termination of the mother's parental rights to the older, eight-year-old child, and that child's preferred outcome).

On remand, we direct the trial court to appoint new legal counsel and re-appoint the GAL for the Children forthwith. It is incumbent upon such counsel to attempt to ascertain the Children's preferred outcome as to Mother by interviewing the Children directly, and to follow the Children's direction to the extent possible and advocate in a manner that comports with the Children's legal interests. Legal counsel should discern from the Children whether he/she prefers adoption by the foster parent if the adoptive family does not support continued contact with Mother. If the Children are indeed too young to express clearly their position as to Mother or direct counsel's representation to any extent, counsel shall notify the trial court. Once the Children's preferred outcome as to Mother is identified, the Children's legal counsel shall notify the trial court whether termination of Mother's parental rights is consistent with the Children's legal interests. If the Children's preferred outcome as to Mother is consistent with the result of the prior termination proceeding, the trial court shall re-enter its January 10, 2018 decrees as to Mother. If the Children's preferred outcome as to Mother is in

conflict with the prior termination proceeding, the trial court shall conduct a new termination/goal change hearing as to Mother to provide the Children's legal counsel an opportunity to advocate on behalf of the Children's legal interest. ***See T.M.L.M.***, ***supra*** (finding that the orphans' court shall conduct a new hearing if it serves the "substantive purpose" of providing child with an opportunity to advance his legal interests through his new counsel).

Order vacated as to Mother without prejudice to permit the trial court to re-enter the original decree and order if a new termination/goal change hearing is not required. Case remanded for proceedings consistent with this memorandum.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/13/18