J-S39007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: RELINQUISHMENT OF A.C., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.H. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 128 MDA 2018 |

Appeal from the Order Entered December 20, 2017
In the Court of Common Pleas of Lackawanna County
Orphans' Court at No:  A-73-2017

BEFORE:  STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:              **FILED AUGUST 21, 2018**

A.H. ("Father") appeals from the order entered on December 20, 2017, in the Court of Common Pleas of Lackawanna County, involuntarily terminating his parental rights to his son, A.C. ("Child"), born in August of 2012.[1]  Upon review, we vacate and remand for proceedings consistent with this memorandum.

In its opinion pursuant to Pa.R.A.P. 1925(a), the orphans' court set forth the factual and procedural history of this case, which the certified record supports.  As such, we adopt it herein.  ***See*** Trial Court Opinion, 1/23/18, at 1-6.

---

[1] The court also involuntarily terminated the parental rights of T.C. ("Mother") by order entered on December 20, 2017.  Mother did not appeal, and she is not a party in this appeal.

By way of background, on September 20, 2015, the court removed Child from Mother due to her severe mental health issues, and placed him in the care of the Lackawanna County Office of Children and Family Services ("Agency"). *Id.* at 2 (citation to record omitted). Child was placed in his current foster care home, a pre-adoptive resource, on August 5, 2016. *Id.* With respect to Father, the Agency was unable to locate him until January 3, 2017, at which time the Agency learned that he was incarcerated. *Id.* (citation to record and footnote omitted). The court found:

> While some written correspondence between the caseworker and Father ensued, copies of which have been made part of the record, they never spoke directly as Father failed to respond to Caseworker Herie's inquiries regarding the reason for his incarceration, his prison counselor's name, which was necessary in order to contact him by phone, and any programs he completed while incarcerated. Nonetheless, the Agency learned that Father had been incarcerated in a facility in Jonesville, Virginia, but he was released therefrom on April 14, 2017 and transferred to Southern State Correctional in New Jersey. Father, apparently initially incarcerated in August 2014[4], will have served his maximum sentence on May 2, 2023, and he will not be eligible for parole until May 13, 2019.
>
> _____
>
> [4] Father, however, indicates that he has "been in since 2012," and that minor child "was four months old" at the time.

*Id.* at 3 (citations to record omitted).

On October 20, 2017, the Agency filed a petition for the involuntary termination of Father's parental rights pursuant to 23 Pa.C.S. § 2511(a)(1), (2), (5), (8), and (b). A hearing on the petition commenced on November 28, 2017, and continued on December 15, 2017. Child, who was then five years

old, was represented by his guardian *ad litem* ("GAL") from the underlying dependency matter, Kevin O'Hara, Esquire. At the conclusion of the testimonial evidence,[2] Attorney O'Hara recommended to the orphans' court that Father's parental rights be terminated involuntarily based on Child never having contact with Father, and, therefore, Child not having a bond with him. N.T., 12/15/17, at 50.

By order dated December 19, 2017, and entered on December 20, 2017, the orphans' court involuntarily terminated Father's parental rights. Father timely filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b). The orphans' court filed its Rule 1925(a) opinion on January 23, 2018.

Before addressing the merits of Father's appeal, we must raise *sua sponte* whether Child was denied legal counsel during the involuntary termination proceeding pursuant to Section 2313(a) of the Adoption Act. ***See In re Adoption of T.M.L.M.***, ___ A.3d ___, 2018 PA Super 87, *4 (Pa. Super. April 13, 2018) ("This Court must raise the failure to appoint statutorily-required counsel for children *sua sponte*, as children are unable to raise the issue on their own behalf due to their minority.") (citing ***In re K.J.H.***, 180 A.3d 411, 414 (Pa. Super. 2017) (Judge Olson dissenting)).

---

[2] The Agency presented the testimony of its caseworker, Lisa Herie. Father testified on his own behalf.

It is undisputed that the appointment of counsel to represent a child in a contested termination proceeding is mandatory pursuant to Section 2313(a) of the Adoption Act, which provides as follows.

> **(a) Child.--**The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S. § 2313(a). The term "counsel" in Section 2313(a) refers to an attorney representing the child's legal interests, which our Supreme Court defined as the child's preferred outcome of the termination proceedings, as opposed to the child's best interests, "which the trial court must determine." **In re Adoption of L.B.M.**, 161 A.3d 172, 174 (Pa. 2017). It is relevant that the Juvenile Act mandates a guardian *ad litem's* ("GAL") dual representation of a child's legal and best interests during the dependency proceedings. **See** 42 Pa.C.S. § 6311(a). The lead opinion in **L.B.M.** did not gain a majority of the justices for the proposition that an attorney appointed as GAL during the underlying dependency proceedings is prohibited from serving as Section 2313(a) counsel. In **In re D.L.B.**, 166 A.3d 322 (Pa. Super. 2017), this Court concluded that, based on the plurality decision in **L.B.M.**, a GAL appointed during the dependency proceedings may serve as legal counsel pursuant to Section 2313(a), so long as the child's legal and best interests are not in conflict.

- 4 -

In this case, the orphans' court did not enter an order appointing counsel to represent Child in the contested termination of parental rights proceedings pursuant to Section 2313(a). During the termination hearing, Attorney O'Hara did not identify himself as either GAL or counsel for Child. Neither the orphans' court nor the parties sought to clarify in what capacity Attorney O'Hara represented Child during the hearing. Attorney O'Hara did not indicate Child's preferred outcome of the termination proceedings or identify a potential conflict between his legal and best interests. Moreover, nothing in the record indicates that the court appointed Attorney O'Hara as GAL after conducting a conflict-of-interest analysis and determining that Child's legal and best interests are not in conflict.

We are constrained to vacate the order without prejudice and remand for the orphans' court to appoint legal-interests counsel for Child pursuant to Section 2313(a). The court may appoint Attorney O'Hara as legal-interests counsel only if it makes an on-the-record determination that there is no conflict between Child's legal and best interests. **See L.B.M.**, 161 A.3d at 183-193 (a majority of our Supreme Court concluding that counsel may serve as a GAL and legal counsel so long as there is no conflict between those interests); **see also D.L.B.**, **supra**. If the court determines that there is no conflict between Child's interests, then it may re-enter the original order. However, if the court determines that Child's legal interest is different from his best interest, then the court shall conduct a new termination hearing.

Order vacated without prejudice. Case remanded for the appointment of legal-interests counsel for Child pursuant to Section 2313(a) and additional proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Musmanno joins this memorandum.

Judge Murray concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/21/2018