J-A20042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF N.M.T. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.G. | : | No. 157 WDA 2018 |

Appeal from the Order Entered December 29, 2017
in the Court of Common Pleas of Fayette County,
Orphans' Court at No(s):  46 Adopt 2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED OCTOBER 18, 2018**

M.G. ("Mother") appeals from the Order denying her Petition to terminate the parental rights of M.T. ("Father") to his son, N.M.T. ("Child"). We vacate and remand.

Child was born in April 2012.  Mother and Father were not married and ended their relationship shortly after Child's birth.  Mother married J.T. ("Stepfather") in September 2017.  On October 23, 2017, the trial court held a hearing (the "termination hearing") on Mother's Petition (the "TPR Petition"). Mother filed the termination Petition so that Stepfather could adopt Child. Mother and Father appeared, both represented by counsel, and testified on their own behalf.  Notably, Child was not present, and the trial court did not appoint legal counsel or a Guardian *ad litem* ("GAL") for Child.  The trial court subsequently entered an Order denying the TPR Petition.  Mother filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Mother now presents the following issues for our review:

I. Whether the trial court erred and abused its discretion in failing to appoint a [GAL] for [Child] and/or failing to appoint legal counsel for [Child]?

II. Whether the trial court erred and abused its discretion in failing to conclude that [Mother] met her burden of proof in establishing grounds for termination of [Father's] parental rights pursuant to 23 Pa.C.S.A. [§] 2511(a)(1) and/or 23 Pa.C.S.A. [§] 2511(a)(2)[?]

III. Whether the trial court erred and abused its discretion in failing to conclude that the developmental, physical and emotional needs and welfare of [Child] warranted a termination of [Father's] parental rights pursuant to 23 Pa.C.S.A. [§] 2511(b)?

IV. Whether the [t]rial [c]ourt erred and abused its discretion in concluding there was no legally qualified adoptive father currently seeking to adopt [] [C]hild in the within matter?

V. Did the [t]rial [c]ourt erred [*sic*] in failing to disregard the testimony of Tony Schrim, an unlicensed therapist, over the objection of [Mother's] [c]ounsel?

Brief for Appellant at 4.

In her first claim, Mother alleges that the trial court failed to appoint counsel and a GAL for Child, in violation of 23 Pa.C.S.A. § 2313. Brief for Appellant at 13-15. Mother argues that section 2313 required the trial court to appoint counsel to represent Child's legal interests, and, if Child's legal interests and best interests conflict, a GAL to represent Child's best interests. *Id.* at 13-14. According to Mother, the case must be reversed and remanded for a rehearing on the TPR Petition, with Child sufficiently represented by counsel to represent his legal interests, and if a there is a conflict in legal and best interests, a GAL.

- 2 -

Section 2313, in relevant part, provides as follows:

**§ 2313. Representation**

**(a) Child.--**The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian *ad litem* to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S.A. § 2313(a) (italicization added). A "proceeding" is defined as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." BLACK'S LAW DICTIONARY 1241 (8th ed. 2004); **see also** 23 Pa.C.S.A. § 5402 (defining "[c]hild custody proceeding" as "[a] proceeding in which legal custody, physical custody or visitation with respect to a child is an issue. The term includes a proceeding for … termination of parental rights …").

In a plurality decision, our Supreme Court held that under 23 Pa.C.S.A. § 2313(a), courts **must** appoint counsel to represent the legal interests of a child in a contested involuntary termination proceeding. **In re Adoption of L.B.M.**, 161 A.3d 172, 179-80 (Pa. 2017). Three members of the Court held that a child's *legal* interests cannot be represented by his or her GAL, and requires the appointment of separate counsel. **Id.** at 180-82; **see also id.** at 174 (noting that a child's best interests are distinct from his/her legal interests). However, the majority of the Court concluded that counsel may serve both as the GAL, representing the child's best interests, and as the

child's counsel, representing the child's legal interests, as long as there is no conflict between the child's legal and best interests. *Id.* at 183-93; *see also In re T.S.*, 2018 WL 4001825, at \*10 (Pa. 2018) (stating that "during contested termination-of-parental-rights proceedings, where there is no conflict between a child's legal and best interests, an attorney-guardian *ad litem* representing the child's best interests can also represent the child's legal interests." (italicization added)).; *In re D.L.B.*, 166 A.3d 322, 329 (Pa. Super. 2017) (stating that "separate representation would be required only if the child's best interests and legal interests were somehow in conflict.").

Recently, this Court held that the failure to appoint legal counsel to a child in a contested involuntary termination of parental rights proceeding is structural error. *See In re K.J.H.*, 180 A.3d 411, 413 (Pa. Super. 2018). "A structural error is defined as one that affects the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Id.* (citation omitted). As a result, where the termination proceeding is contested, the case must be remanded for the appointment of counsel. *See id.* at 413-14; *accord In re Adoption of T.M.L.M.*, 184 A.3d 585, 587-88 (Pa. Super. 2018).

Here, Father contested Mother's Petition to terminate his parental rights. Thus, the trial court was required to appoint Child counsel. *See In re Adoption of T.M.L.M.*, 184 A.3d at 588 (noting that "[a]ppointment of counsel representing the child is mandatory, and failure to do so is legal

error."); *In re Adoption of G.K.T.*, 75 A.3d 521, 527 (Pa. Super. 2013) (stating that the court "committed reversible error in failing to appoint a counsel for the [c]hild as required by section 2313(a)."). While the trial court ultimately denied the TPR Petition, section 2313(a) and *L.B.M.* clearly state that counsel must be appointed in an involuntary termination proceeding. Thus, the obligation to appoint Child counsel under section 2313(a) was triggered when Mother filed the TPR Petition and Father contested the Petition. We cannot consider the trial court's final determination where it would circumvent this mandate. *See, e.g., In re K.J.H.*, 180 A.3d at 413-14 (stating that the failure to appoint counsel to the child pursuant to section 2313(a) was a structural error requiring remand for the appointment of counsel, despite the fact that grandparents' petition to terminate mother's parental rights had been denied); *In re Adoption of G.K.T.*, 75 A.3d at 527-28 (concluding that failure to appoint the child counsel under section 2313(a) required reversal of order granting adoptive couple's petition to terminate father's parental rights).

Based upon this legal error, we are constrained to vacate the Order on appeal, and remand the matter to the trial court for further proceedings, prior to which the court shall appoint legal counsel to represent Child, and a separate GAL to represent Child's best interests, if it is determined to be

necessary by the trial court.  **See L.B.M.**, 161 A.3d at 183-93; **In re D.L.B.**, 166 A.3d at 329.[1, 2]

Order vacated; case remanded for further proceedings consistent with this Memorandum, with instructions that the trial court shall appoint legal counsel to represent Child, and a separate guardian *ad litem* to represent Child's best interests, if necessary, to review the matter and participate in any new termination hearing.  Jurisdiction relinquished.

_____

[1] We note that in **In re Adoption of T.M.L.M.**, this Court, after determining that a child was deprived of his statutory right to counsel, stated the following:

> Upon remand, the court shall appoint separate counsel for [c]hild to represent his legal interests.  After review of the prior proceedings and appropriate consultation with [c]hild, [c]hild's legal-interests counsel shall notify the orphans' court whether the result of the prior proceedings is consistent with [c]hild's legal interests or whether counsel believes a new hearing is necessary to provide counsel an opportunity to advocate on [c]hild's behalf. The orphans' court shall conduct a new hearing only if it serves the "substantive purpose" of providing [c]hild with an opportunity to advance his legal interests through his new counsel.

**In re Adoption of T.M.L.M.**, 184 A.3d at 591 (footnotes omitted).  The Court further held that if a new hearing is not held, the trial court could reenter its original order.  **Id.**  Based upon this precedent, on remand, the trial court shall appoint Child counsel to represent his legal and best interests.  Counsel will then have the opportunity to review the prior proceedings and notify the trial court as to whether new proceedings are required.  If the trial court decides a new hearing is not required, it is free to reenter its original Order.  **See id.**

[2] Based upon our disposition, we need not address Mother's remaining claims.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/18/2018