J-S40016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ADOPTION OF K.F.L.W., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T.W., FATHER | : : : : : : : | |
| | : | No. 691 EDA 2018 |

Appeal from the Decree Entered February 14, 2018
In the Court of Common Pleas of Montgomery County Orphans' Court at
No(s): 2017-A0008

BEFORE: LAZARUS, J., DUBOW, J., and PLATT*, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED NOVEMBER 02, 2018**

T.W. ("Father") appeals the February 14, 2018 Decree involuntarily terminating his parental rights to his minor daughter, K.F.W. ("Child"), born in May 2010. Because the Child did not have legal counsel throughout the contested termination proceeding, we are constrained to vacate and remand for a new hearing.

Based on our disposition we need not recite in detail the underlying facts and procedural history. In sum, Father has been incarcerated for all of the Child's life, and has an expected release date in 2020. Despite his incarceration, Father arguably has been a part of the Child's life in that he has sent birthday and Christmas cards, visited with Child four or five times, and sporadically telephoned the Child. The Child has lived with Maternal Grandmother for all but the first three weeks of her life.

_____
* Retired Senior Judge assigned to the Superior Court.

On February 8, 2017, Grandmother filed petitions to terminate involuntarily the parental rights of Mother and Father so that she could adopt the Child. The orphans' court held hearings on the petitions on March 23, 2017, June 21, 2017, and January 5, 2018. However, the court did not appoint legal counsel for the Child until July 2017. At the close of the final hearing, the court held the matter under advisement. On February 14, 2018, the court entered a decree involuntarily terminating the parental rights of Father pursuant to 23 Pa.C.S. § 2511(a)(1), (a)(2), (a)(8), and (b).[1]

Father timely filed a notice of appeal, along with a concise statement of errors complained of on appeal. In his Brief, Father presents four issues challenging the sufficiency of the evidence supporting the involuntary termination, emphasizing the efforts he has made to be part of the Child's life and disputing the court's conclusion that termination would be in the Child's best interests. *See* Father's Brief at 2.

Before we may address Father's issues, we are constrained to consider *sua sponte* whether the trial court erred by not appointing legal counsel for the Child from the beginning of this contested proceeding. *In re: K.J.H.*, 180 A.3d 411, 413-14 (Pa. Super. 2018). As we noted in *K.J.H.*, 23 Pa.C.S. § 2313(a) requires that counsel be appointed to represent the legal interests of any child involved in a contested involuntary termination proceeding.

---

[1] On June 21, 2017, Mother, who lost custody when the Child was three weeks old, voluntarily relinquished her parental rights. Mother is not part of this Appeal.

Here, the trial court appointed Mary Pugh, Esq., to represent the Child's legal interests in July 2017, after two hearings had already occurred on the termination petitions. This abbreviated appointment did not satisfy the statutory requirements set forth in Section 2313. Accordingly, we are constrained to vacate the Decree terminating Father's parental rights and remand for a new termination hearing at which the Child is represented by legal counsel in accordance with 23 Pa.C.S. § 2313.

Decree vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/18