J-S57016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.M.R. A/K/A A.R., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.R., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1367 EDA 2018 |

Appeal from the Decree April 10, 2018
in the Court of Common Pleas of Philadelphia County
Family Court at Nos.:  CP-51-AP-0000010-2018
FID: 51-FN-002198-2015

BEFORE:   PANELLA, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 09, 2018**

D.R. ("Father") appeals from the decree of the Court of Common Pleas of Philadelphia County, entered April 10, 2018, which granted the petition of the Department of Human Services ("DHS") and involuntarily terminated his parental rights to his daughter, A.M.R. ("Child") (born in May 2008), pursuant the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2), and (b).[1]  We are constrained to vacate and remand for further proceedings consistent with this memorandum.

We take the following facts and procedural history from the trial court's opinion, which in turn is supported by the record.  (*See* Trial Court Opinion,

---

[1] The trial court confirmed the consent to termination of the parental rights of Child's natural mother, E.C. ("Mother"), in an order entered that same day. Mother is not a party to the instant appeal and has not filed a separate appeal.

---

*   Retired Senior Judge assigned to the Superior Court.

6/06/18, at 1-4; *see also* N.T. Hearing, 4/10/18, at 1-50). In October 2015, DHS received a report alleging that Child had been the victim of sexual abuse by Mother's ex-paramour and that Mother had stopped sending Child to school for fear that Child would disclose the abuse to staff. The report was determined to be valid, and Child was removed from Mother's home. Following a shelter care hearing, DHS was granted temporary legal custody of Child. At that time, Father was not involved in the care of Child. Child was placed in foster care and DHS subsequently filed a dependency petition. Child was adjudicated dependent on October 26, 2015, with full legal custody granted to DHS. Father did not attend the dependency hearing.

The court conducted permanency review hearings between November 2015 and January 2018. Father met with Community Umbrella Agency ("CUA") representatives, where permanency goals were identified for him at a single case plan ("SCP") objective meeting. These goals were to cooperate with supervised visitation; attend Achieving Reunification Center ("ARC") for parenting classes; and obtain appropriate housing. In early 2016, Child, who had been previously placed with paternal grandmother, was removed from the home after alleging that grandmother hit her. Child was placed in a pre-adoptive foster home, where she has resided since. As of September 2017, Father was not compliant with his SCP objectives. He visited Child only twice, in July 2017, had not attended ARC, and had not obtained appropriate housing.

On January 8, 2018, DHS filed a petition seeking to involuntarily terminate Father's parental rights and change Child's permanency goal to adoption. On April 10, 2018, the court held a hearing on the termination and goal change petitions. Child was represented by Melanie Silverstein, Esquire, as legal counsel and Kathleen Taylor, Esquire, as guardian *ad litem*. (**See** N.T. Hearing, at 6). Neither Attorney Silverstein nor Attorney Taylor presented witnesses or participated in cross examination. (**See id.** at 31, 41-42). Neither attorney made argument regarding Child's best interests or legal interests, and they joined DHS's argument. (**See id.** at 43). Father was represented by counsel and testified on his own behalf. (**See id.** at 5, 37-41). Cynthia Marcano, the CUA case manager, testified for DHS, and opined that it was in Child's best interests for Father's parental rights to be terminated and her goal changed to adoption. (**See id.** at 30-31; **see also id.** at 19-36). Following the conclusion of DHS's case in chief, the court granted the petition pursuant to 23 Pa.C.S.A. § 2511(a)(1), (2), and (b), and entered a decree terminating Father's parental rights.

Father timely filed a notice of appeal and a concise statement of errors complained of on appeal from the termination docket. **See** Pa.R.A.P. 1925(a)(2)(i). The trial court entered its opinion on June 6, 2018. **See** Pa.R.A.P. 1925(a)(2)(ii).

Father now raises the following issues for our review.

> 1. Whether the trial court erred in terminating [Father's] parental rights under 23 Pa.C.S.A. [§] 2511(a)(1), the evidence having been insufficient to establish [Father] had evidenced a settled

purpose of relinquishing his parental claim, or having refused or failed to perform parental duties[?]

2. Whether the evidence was sufficient to establish that [Father] had refused or failed to perform parental duties, caused Child to be without essential parental care, that conditions having led to placement had continued to exist, or finally that any of the above could not have been remedied[?]

3. Whether the evidence was sufficient to establish that termination of parental rights would best serve the needs and welfare of the minor Child, under 23 Pa.C.S.[A. §] 2511(b)[?]

(Father's Brief, at 5) (unnecessary capitalization omitted).

Prior to addressing the merits of Father's appeal, we must first address *sua sponte* the representation provided by Child's legal counsel. *See In re: K.J.H.*, 180 A.3d 411, 413 (Pa. Super. 2018). Our Supreme Court, in *In re Adoption of L.B.M.*, 161 A.3d 172 (Pa. 2017) (plurality), held that 23 Pa.C.S.A. § 2313(a) requires that counsel be appointed to represent the legal interests of any child involved in contested involuntary termination proceedings. The Court noted that legal interests are synonymous with the child's preferred outcome, but the child's best interests are determined by the court. *See In re L.B.M.*, *supra* at 183. Since *L.B.M.*, this Court has clarified the requirements counsel must meet in order to provide adequate representation in termination matters. *See In re Adoption of T.M.L.M.*, 184 A.3d 585, 587-91 (Pa. Super. 2018).

Here, the trial court appointed legal counsel for Child, Attorney Silverstein. Attorney Silverstein was present at the hearing, but did not present evidence, cross-examine witnesses, or argue Child's legal preferences. (*See* N.T. Hearing, 4/10/18, at 31, 41-43). The record is silent

as to whether Attorney Silverstein ascertained Child's legal preferences during the pendency of the appeal. While Child's guardian *ad litem* has filed a brief before this Court arguing it is in Child's best interests to terminate Father's rights, Attorney Silverstein has not filed a brief or joined the brief of another party. *See In re T.M.L.M.*, *supra* at 590 (noting that counsel's duty to represent a child does not stop at the conclusion of the termination of parental rights hearing). There is nothing in the record to indicate that Child, who was nine years and ten months old at the time of the hearing, could not communicate her preferred outcome. *See id.* (explaining that six year old child likely has feelings one way or another about parent and his permanency). Further, there is nothing in the record that clearly indicates Child's preferences, besides the circumstantial evidence that Father has been largely uninvolved in her life and that she appears happy in her pre-adoptive foster home.

Accordingly, we are constrained to vacate the decree in this matter, and remand for further proceedings. *See id.* at 587-91 (vacating and remanding for further proceedings where attorney admitted she did not interview six-year-old child to ascertain child's preferences); *see also In re Adoption of D.M.C.*, --- A.3d ---, 2018 WL 3341686 at **5-6 (Pa. Super. filed July 9, 2018) (vacating and remanding where record was unclear in what capacity attorney had been appointed to represent children and whether attorney had ascertained children's legal interests prior to hearing); *In re Adoption of M.D.Q.*, --- A.3d ---, 2018 WL 3322744 at **3-5 (Pa. Super. filed July 6,

2018) (vacating and remanding where record does not indicate that counsel attempted to ascertain children's preferences and record does not reflect children's legal interests).

Accordingly, we remand to the trial court to re-appoint legal counsel and a guardian *ad litem* for Child, and direct counsel to "effective[ly] represent[]" Child by "ascertain[ing] [Child's] position and advocating in a manner designed to effectuate that position." ***In re T.M.L.M.***, ***supra*** at 590. Once counsel identifies Child's preferred outcome, counsel shall notify the trial court whether termination of Father's parental rights is consistent with Child's legal interests. If Child's preferred outcome is consistent with the result of the prior termination proceedings, the trial court shall re-enter its April 10, 2018 termination decree as to Father. If the preferred outcome is in conflict with the prior proceeding, the trial court shall conduct a new termination/goal change hearing as to Father only, to provide Child's legal counsel an opportunity to advocate on behalf of Child's legal interests. ***See id.*** at 591 (ordering that trial court shall conduct a new hearing only if it serves the substantive purpose of providing child with opportunity to advance his legal interests through new counsel).

Decree vacated as to Father without prejudice to permit the trial court to re-enter the original decree if a new termination hearing is not required. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Panella concurs in the result.

Judge Strassburger files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/9/18</u>