J-S37016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: A.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.L.S., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 813 EDA 2018 |

Appeal from the Order Entered February 28, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-AP-0001130-2017,
CP-51-DP-0002989-2015

BEFORE:   OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                          **FILED AUGUST 15, 2018**

C.L.S. ("Mother") appeals from the decree entered on February 28, 2018 terminating her parental rights to her dependent, minor daughter, A.S. ("Child") (born in May of 2012) under the Adoption Act, 23 Pa.C.S. § 2511, and the order changing Child's permanency goal to adoption under the Juvenile Act, 42 Pa.C.S. § 6351.[1]  We are constrained to vacate and remand for further proceedings consistent with this Memorandum.

_____

[1] Child has three siblings, Sibling 1 (K.S.E.) (born in July 2009), Sibling 2 (A.S.S.) (born in September of 2015), and Sibling 3 (K.) (born in March of 2017), who was eleven months old at the time of the hearing on February 28, 2018, and had been in care since birth.  **See** N.T., 2/28/18, at 33.  Child and Sibling 2 are in the same foster home, while Sibling 1 and Sibling 3 are in a separate foster home.  **See** N.T., 1/10/18, at 34-35, 40, 82, 90.  On January 10, 2018, the trial court terminated Mother's parental rights with regard to Sibling 1 and Sibling 2, and changed their permanency goals to adoption. Mother filed appeals from these decrees and orders (**see** 518 EDA 2018 and

_____

*   Former Justice specially assigned to the Superior Court.

As our disposition is based on the procedural posture of this case, we do not set forth the factual background, and adopt the factual background and procedural history at set forth in the trial court opinion. On November 20, 2017, the Philadelphia Department of Human Services ("DHS") filed petitions to terminate the parental rights of Mother and Father to Child, who was born in May of 2012, and to change Child's permanency goal to adoption. The trial court appointed legal counsel for Child, Attorney Edward Millstein, and a guardian *ad litem* ("GAL") for Child, Attorney Lue Frierson (the Child Advocate). N.T., 1/10/18, at 7. Both Mother and Father contested the petitions. The trial court appointed Attorney Chenille Truitt to represent Mother, and Attorney Carla Beggin to represent Father.

On January 10, 2018, the trial court held an evidentiary hearing on the petitions.[2] Both Attorney Millstein and Attorney Frierson were present at the first day of hearing. DHS presented the testimony of the Community Umbrella

_____

519 EDA 2018), which are not before the Court in this appeal. On February 28, 2018, the trial court issued an aggravated circumstances order for Sibling 3. Trial Court Opinion (A.S.), 4/6/18, at 1, n.1. The instant appeal does not involve a challenge to that order. On February 28, 2018, the trial court terminated the parental rights of Child's father, A.J., ("Father"), and any unknown, putative father to Child. Neither Father nor any putative father filed an appeal from the termination of his parental rights and the change of Child's permanency goal to adoption, nor is any of these individuals a party to the instant appeal. Trial Court Opinion (A.S.), 4/6/18, at 6, n.5.

[2] Mother and Father were present and represented by their respective counsel, but Father's counsel became ill. The trial court had to schedule a second day of hearing for February 28, 2018, with regard to the termination of Father's parental rights to Child and the goal change petition regarding Child.

- 2 -

Agency ("CUA") Wordsworth social worker, Miyoshi Contee. Attorney Frierson, Attorney Millstein, and Attorney Truitt conducted cross-examination. N.T., 1/10/18, at 45-53. Mother then testified on her own behalf. The parties' counsel did not conduct cross-examination, but the trial court questioned Mother. Attorney Frierson conducted re-cross examination. *Id.* at 71-72. DHS made a closing statement. Attorney Frierson made a closing statement, in which Attorney Millstein concurred. Mother's counsel requested additional time for her client to comply with her Single Case Plan and the Permanency Plan objectives, and the trial court's permanency review orders. The trial court held in abeyance its decision on the termination of Mother's parental rights and goal change for Child until after the presentation of evidence regarding Father as to termination of his parental rights and the goal change for Child. *Id.* at 80-82.

At the hearing on February 28, 2018, Attorney Frierson was present, but Attorney Millstein was not present. Attorney Truitt and Mother were present. Attorney Beggin was present but Father was not present, although he had signed a subpoena that DHS served on him. N.T., 2/28/18, at 5. The trial court admitted DHS exhibits into the record. DHS presented the testimony of Ms. Contee. Attorney Frierson conducted cross-examination, and counsel for DHS conducted re-direct examination. *Id.* at 19-20. With regard to Sibling 3, DHS conducted direct examination of Ms. Contee, and Attorney Truitt cross-examined her. Mother testified on her own behalf. On February 28, 2018, the trial court entered the decree that terminated the parental rights

of Mother to Child pursuant to the Adoption Act, 23 Pa.C.S.A. § 2511(a)(1), (2), (5), (8), and (b), and the order that changed Child's permanency goal to adoption under the Juvenile Act, 42 Pa.C.S.A. § 6351. On March 12, 2018, Mother timely filed a notice of appeal and concise statement pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

This Court has recently held that we will address *sua sponte* the failure of a trial court to appoint counsel pursuant to 23 Pa.C.S.A. 2313(a). **See In re K.J.H.**, 180 A.3d 411, 414 (Pa. Super. 2018) (filed February 20, 2018). Our Supreme Court, in **In re Adoption of L.B.M.**, 161 A.3d 172 (Pa. 2017) (plurality), held that 23 Pa.C.S.A. 2313(a) requires that counsel be appointed to represent the legal interests of any child involved in a contested involuntary termination proceeding. The court defined a child's legal interest as synonymous with his or her preferred outcome. The **L.B.M.** Court did not overrule this Court's holding in **In re K.M.**, 53 A.3d 781 (Pa. Super. 2012), that a GAL who is an attorney may act as counsel pursuant to Section 2313(a) as long as the dual roles do not create a conflict between the child's best interest and legal interest.

The trial court did appoint legal counsel for Child in this matter, Attorney Millstein. He was present at the January 10, 2018 hearing, and he conducted cross-examination of the DHS witness. Child's GAL, Attorney Frierson, was present at both days of the hearing, and she conducted cross-examination of witnesses. There is nothing in the record, however, to demonstrate that either Attorney Millstein or Attorney Frierson interviewed Child to ascertain her

preferred outcome. In fact, Attorney Millstein stated at the commencement of the hearing on January 10, 2018 that he believed he was appointed to represent only Sibling 1. N.T., 1/10/18, at 7. The trial court corrected Attorney Millstein and stated that he was appointed as legal counsel to represent Sibling 1, as well as Child and Sibling 2. *Id.* Attorney Millstein is not among the individuals listed as present at the second day of hearing. We are constrained to vacate the decree and order in this matter, and remand for further proceedings. *See In re T.M.L.M.*, 184 A.3d 585 (Pa. Super. 2018) (filed April 13, 2018) (vacating and remanding for further proceedings when six-year-old child's preference was equivocal and the attorney neglected to interview the child to determine whether legal and best interests were in conflict); *In re: Adoption of: D.M.C. and A.L.C.*, ____ A.3d ____, 2018 PA Super 200 (Pa. Super. 2018) (filed July 9, 2018) (vacating and remanding for further proceedings where the children's legal counsel had a limited conversation over the telephone with a child who was almost thirteen years old, but the child's preferred outcome was not clear from the record, and counsel had no conversation to ascertain the younger, four-year-old child's preferred outcome); *In re: Adoption of: M.D.Q.*, ____ A.3d ____, 2018 PA Super 199 (Pa. Super. 2018) (filed July 6, 2018) (vacating and remanding where this Court was unable to ascertain from the record whether the appointed counsel represented the subject children's legal interests and ascertained their preferred outcomes, but appeared to have speculated as to their preferred outcomes, and this Court could not determine the Children's

legal interests from the record. In fact, the record appeared to suggest a conflict between termination of the mother's parental rights to the older, eight-year-old child, and that child's preferred outcome).

On remand, we direct the trial court to appoint new legal counsel and re-appoint the same GAL for Child forthwith. It is incumbent upon such counsel to attempt to ascertain Child's preferred outcome as to Mother by interviewing Child directly, and to follow Child's direction to the extent possible and advocate in a manner that comports with Child's legal interests. Legal counsel should discern from Child whether she prefers adoption by her foster parent if her adoptive family does not support continued contact with Mother. If Child is indeed too young to express clearly her position as to Mother or direct counsel's representation to any extent, counsel shall notify the trial court. Once Child's preferred outcome as to Mother is identified, Child's legal counsel shall notify the trial court whether termination of Mother's parental rights is consistent with Child's legal interests. If Child's preferred outcome as to Mother is consistent with the result of the prior termination proceeding, the trial court shall re-enter its February 28, 2018 decree and order as to Mother. If Child's preferred outcome as to Mother is in conflict with the prior termination proceeding, the trial court shall conduct a new termination/goal change hearing as to Mother to provide Child's legal counsel an opportunity to advocate on behalf of Child's legal interest. **See T.M.L.M.**, **supra**, (finding that the orphans' court shall conduct a new hearing if it serves the

"substantive purpose" of providing child with an opportunity to advance his legal interests through his new counsel).

Order vacated as to Mother without prejudice to permit the trial court to re-enter the original decree and order if a new termination/goal change hearing is not required. Case remanded for proceedings consistent with this memorandum.

Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/15/18