J-S73044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: A.F.F., A MINOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: C.C., NATURAL FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1164 WDA 2018 |

Appeal from the Order Entered July 9, 2018
In the Court of Common Pleas of Jefferson County Orphans' Court at
No(s):  No. 11A - 2018 - O.C.

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OLSON, J.

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 19, 2018**

C.C. (Father) appeals from the order entered on July 9, 2018 terminating his parental rights to his minor daughter, A.F.F. (Child) (born in September of 2011), under the Adoption Act, 23 Pa.C.S.A.  § 2511.  After careful review, we are constrained to vacate and remand for further proceedings consistent with this memorandum.

As our disposition is based solely on the procedural history of this matter, we briefly set forth the factual and procedural background as follows. Child was born in September of 2011.  Since Child's birth, Father was incarcerated at three separate times and remained imprisoned for most of Child's life.  Child has lived with A.M. (Mother), her biological mother, for her entire life.  In 2014, Mother got married and had another child.  Mother, Child, Mother's new husband, and Child's half-sibling currently reside together.  On

March 14, 2016, Mother filed a petition for the involuntary termination of Father's rights.

On April 20, 2018, the trial court appointed counsel to represent Father, who elected to contest the termination of his parental rights. On May 3, 2018, Mother filed a motion seeking the appointment of a guardian *ad litem* for Child. On May 8, 2018, the trial court appointed Gina Bianco, Esquire to represent Child as guardian *ad litem*. On June 13, 2018, the trial court held a hearing on the termination petition. Attorney Bianco was present and asked questions of the various witnesses on behalf of Child. At the conclusion of the hearing, the trial court held in abeyance its decision on the termination of Father's rights and gave the parties seven days to file proposals and legal authority in support of their positions. Upon review of the certified record, it does not appear that any party filed additional documents with the trial court. On July 9, 2018, the trial court entered its findings of fact and an order that terminated Father's parental rights to Child pursuant to 23 Pa.C.S.A. § 2511(a)(1), (a)(2), and (b). This timely appeal resulted.[1]

Before addressing the merits of Father's appeal, we *sua sponte* examine the representation provided to Child. **See In re K.J.H.**, 180 A.3d 411, 414 (Pa. Super. 2018). Our Supreme Court in **In re Adoption of L.B.M**., 161 A.3d 172 (Pa. 2017) (plurality), held that 23 Pa.C.S.A. 2313(a) requires that

---

[1] On August 8, 2018, Father filed a timely notice of appeal and corresponding concise statement pursuant to Pa.R.A.P. 1925(a)(2)(i). The trial court issued a supplemental opinion pursuant to Pa.R.A.P. 1925(a)(2)(ii), but largely relied upon its July 2018 findings of fact as its rationale for ordering termination.

counsel be appointed to represent the legal interests of any child involved in a contested involuntary termination proceeding. The Court defined a child's legal interest as synonymous with his or her preferred outcome, but the child's best interests are decided by the trial court. *In re Adoption of L.B.M*., 161 A.3d at 174. Further, our Supreme Court has held: (1) a guardian *ad litem*, who is also an attorney, may also serve as counsel where there is no conflict between the child's legal and best interests, and (2) there is no conflict between the child's best and legal interests if the child is non-communicative due to the child's young age.[2] *See In re T.S.*, 192 A.3d 1080, 1092-1093 (Pa. 2018). Moreover, "[c]ounsel's duty to represent a child does not stop at the conclusion of the termination of parental rights hearing." *See In re Adoption of T.M.L.M.*, 184 A.3d 585, 590 (Pa. Super. 2018).

Here, as previously mentioned, the trial court appointed Attorney Bianco to represent Child as guardian *ad litem* at the contested termination proceeding. Attorney Bianco was present for the termination hearing and participated in questioning all of the witnesses presented by Mother and Father, including Father himself. During the hearing, however, she did not argue Child's preferred outcome regarding termination of Father's parental rights. Furthermore, following the conclusion of the termination proceedings, Attorney Bianco did not file a proposal expressing Child's preferred outcome, despite the trial court's invitation to do so. On appeal, Attorney Bianco filed

_____

[2] Here, Child was six years old at the time of the termination hearing. There is no dispute that Child is verbal and communicative.

a joint brief with counsel for Mother. In that brief, Attorney Bianco avers that "[s]he met with the minor child prior to the termination hearing [and C]hild eagerly expressed [] a desire to be adopted by [her s]tep-[f]ather." Mother and Guardian *Ad Litem*'s Joint Brief at 14. Attorney Bianco claims that Child did not name Father as a person that was important in her life. *Id.* Hence, Attorney Bianco concludes that it "would not be in [Child's] best interest to delay permanency in hopes Father establishes a clean and stable life." *Id.*

Although Attorney Bianco set forth Child's preferred outcome in the brief filed with this Court, Child's preferred outcome was never introduced before the trial court and we cannot consider it for the first time on appeal. *See* Pa.R.A.P. 302(a). In fact, the trial court record is silent as to whether Attorney Bianco interviewed Child or otherwise ascertained her desired outcome. So long as there was no conflict of interest, Attorney Bianco could have represented Child in a dual capacity as legal counsel and guardian *ad litem*, where, as here, the trial court did not specifically appoint separate counsel to represent Appellant's legal preference. Although Child expressed a desire to be adopted by the step-father and did not identify Father as an important individual in her life, these declarations do not make clear that Child wished to terminate the parental relationship with Father permanently. Thus, we are unable to ascertain whether there was, in fact, no conflict between Child's best and legal interests. As such, we are constrained to vacate the order terminating Father's parental rights and remand for further proceedings. *See* ***In re Adoption of M.D.Q.***, 192 A.3d 1201 (Pa. Super. 2018) (vacating and

remanding where: 1) this Court was unable to ascertain from the certified record whether the appointed counsel represented the subject children's legal interests and ascertained their preferred outcomes; 2) it appeared that appointed counsel speculated as to their preferred outcomes; and 3) this Court could not determine the children's legal interests from the record); *In re Adoption of D.M.C.*, 192 A.3d 1207 (Pa. Super. 2018) (vacating and remanding for further proceedings where the children's legal counsel had a limited conversation over the telephone with a child who was almost thirteen years old, and the child's preferred outcome was not clear from the record).

On remand, we direct Attorney Bianco to determine Child's preferred outcome regarding Father by interviewing Child directly and following Child's direction to the extent possible. This inquiry shall ascertain, to the extent possible, whether Child's preferred outcome includes severing her parental relationship with Father. Once Child's preferred outcome as to Father is identified, Attorney Bianco shall notify the trial court whether Child's preference is in conflict with her best interests. If Child's preferred outcome is consistent with Child's best interests, the trial court shall enter a new order terminating Father's parental rights. However, if Child's preferred outcome is in conflict with Child's best interest, the trial court shall appoint separate legal interest counsel to represent Child at a new termination hearing. *See T.M.L.M.*, **supra** (finding that the orphans' court shall conduct a new hearing if it serves the "substantive purpose" of providing child with an opportunity to advance his legal interests through his new counsel).

Order vacated without prejudice to permit entry of a new order terminating Father's parental rights if a new termination hearing is not required. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Bender, P.J.E., joins the memorandum.

Gantman, P.J., notes dissent.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2018