J-A16019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL P. FOUST :
:
Appellant : No. 1306 WDA 2023

Appeal from the PCRA Order Entered October 11, 2023
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000679-1993

BEFORE: KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.: **FILED: July 26, 2024**

Michael P. Foust appeals from the order denying his Post Conviction

Relief Act ("PCRA")[1] petition, which he filed following his resentencing and

subsequent appeal of his new sentence. After careful review, we affirm.

This Court previously described the history underlying this appeal:

On November 22, 1993, Appellant, then 17 years old, and Kevin
Zenker ("Zenker") drove from Oil City to Donald Foust's
[Appellant's father's] residence. Appellant and Zenker stole one
of Donald Foust's handguns and then returned to Oil City. While
they were driving past Darla Bump's ("Bump's") and Russel Rice's
("Rice's") residence, Zenker fired at Bump's dog. Appellant turned
the vehicle around and passed the residence again. Bump and
Rice got in their vehicle and began following Appellant and Zenker.
Eventually, Appellant slowed the car to a stop, grabbed the
firearm, jumped out of the vehicle, approached Bump's and Rice's
vehicle, and opened fire[]. Bump and Rice died from multiple
gunshot wounds sustained during Appellant's assault.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

On February 1, 1994, the Commonwealth charged Appellant[,] via criminal information[,] with two counts of first-degree murder. [18 Pa.C.S.A. § 2502(a) (West 1994).] On May 13, 1994, Appellant moved to transfer his case to the Juvenile Division of the Court of Common Pleas of Venango County. **See** 42 Pa.C.S.A. § 6355 (West 1994). The trial court denied that motion … and trial commenced on June 22, 1994. Appellant was convicted of both counts of first-degree murder. On June 30, 2014, the trial court sentenced Appellant to two consecutive terms of [life without parole (LWOP)]. On direct appeal, this Court affirmed and our Supreme Court denied allowance of appeal. **Commonwealth v. Foust**, 667 A.2d 418 (Pa. Super. 1995) (unpublished memorandum), **appeal denied**, 672 A.2d 304 (Pa. 1995).

**Commonwealth v. Foust**, 180 A.3d 415, 420 (Pa. Super. 2018) (footnotes omitted; citation added).

Appellant timely filed a first PCRA petition on January 5, 1998. After the appointment of counsel and an evidentiary hearing, the PCRA court dismissed the petition on October 18, 2010. This Court affirmed, and our Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Foust**, 828 A.3d 397 (Pa. Super. 2003) (unpublished memorandum), **appeal denied**, 837 A.2d 1177 (Pa. 2003).

Appellant's next two PCRA petitions were unsuccessful. However,

[o]n February 24, 2016, Appellant filed his fourth *pro se* PCRA petition, which he amended on March 28, 2016. In that petition, [Appellant] argued that his LWOP sentences violated the Eighth Amendment of the United States Constitution[,] as interpreted by **Miller v. Alabama**, 567 U.S. 460 (2012)[,] and **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). On May 12, 2016, the PCRA court granted the petition and vacated Appellant's judgment of sentence.

… On July 5, 2016, the trial court sentenced Appellant to 30 years to life for each first-degree murder conviction and ordered

- 2 -

those two sentences to run consecutively. Hence, the trial court sentenced Appellant to an aggregate term of 60 years to life imprisonment. On July 15, 2016, Appellant challenged the legality of his sentence in a post-sentence motion. The trial court denied that motion on July 19, 2016….

*Foust*, 180 A.3d at 420 (footnotes omitted).

Appellant timely appealed his new judgment of sentence. On appeal, Appellant claimed his consecutive 30-year sentences constitute a *de facto* LWOP sentence. *Id.* at 421. Appellant challenged the validity of his sentences absent a finding that he "is one of the rare and uncommon juveniles who is permanently incorrigible, irreparably corrupt[,] or irretrievably depraved." *Id.* at 422.

This Court first concluded Appellant's sentences were not unconstitutional:

> A sentence of 30 years to life imprisonment does not constitute a *de facto* LWOP sentence which entitles a defendant to the protections of *Miller*.

*Foust*, 180 A.3d at 438. Regarding Appellant's challenge to the discretionary aspects of his sentence, we opined as follows:

> [T]he trial court considered all relevant documents, court filings, reports, and testimony when sentencing Appellant. It carefully weighed all of these factors and determined that sentences below the applicable guidelines ranges, *i.e.*, 30 years instead of 35 years, were appropriate in this case. Then, the trial court reached the crux of Appellant's discretionary aspects challenge and explained why it chose to run Appellant's sentences consecutively instead of concurrently. It stated that:
>
> > [The court] cannot in any way rationalize a sentence that is not consecutive. … **[T]here are two distinct victims. Each victim's possible life and loss of life has to be**

- 3 -

> **recognized and has to be, in my view, acknowledged in the sentence.** And the effect of that is that I have to, in my mind, run these sentences consecutively.

N.T., 7/5/16, at 169 [(emphasis added)].

> We ascertain no abuse of discretion in this decision. The trial court determined that separate punishments were necessitated by the nature of the offenses and the lives taken, notwithstanding the rehabilitation Appellant demonstrated while imprisoned for the past two decades.
>
> Appellant will be eligible for parole when he is in his seventies. Although he may not live this long, he has a chance of being released into society. It was within the trial court's discretion to conclude that an individual who viciously took the lives of two innocent people is not entitled to be released into society at an earlier age, even with the reduced culpability recognized in [**Roper v. Simmons**, 543 U.S. 551 (2005), **Graham v. Florida**, 560 U.S. 48 (2010),] and **Miller**. Accordingly, we conclude that the trial court did not abuse its discretion in sentencing Appellant to consecutive terms of 30 years to life imprisonment ….

*Id.* at 440-41 (footnotes omitted, emphasis added). This Court thus affirmed Appellant's judgment of sentence. **See id.** at 441. On May 25, 2022, the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Foust**, 279 A.3d 39 (Pa. 2022).

On May 22, 2023, Appellant timely filed the instant, counseled PCRA petition again claiming an unconstitutional LWOP sentence. PCRA Petition 5/22/23, ¶¶ 15-16. On October 11, 2023, after a hearing, the PCRA court denied Appellant's petition. PCRA Court Order, 10/11/23. Thereafter, Appellant filed the instant timely appeal. Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues:

- 4 -

1.     Do two 30-year sentences[,] which run consecutively[,] amount to a *de facto* [LWOP] sentence?

2.     Did the PCRA [c]our err in interpreting the Pennsylvania Constitution's prohibition against "cruel punishment" coextensively with the United States Constitution's prohibition against "cruel and unusual punishment"?

3.     Is the imposition of a life (or *de facto* life) sentence unconstitutional under the federal and/or Pennsylvania constitutions where the evidence plainly established that Appellant was redeemable?

Appellant's Brief at 3 (issues renumbered).

Our Supreme Court stated our standard and scope of review of an order

denying PCRA relief:

On appeal we review the PCRA court's holding for a determination of whether the ruling is supported by the record and free of legal error.  We apply a *de novo* standard of review to the PCRA court's legal conclusions.  The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level.

***Commonwealth v. Conforti***, 303 A.3d 715, 725 (Pa. 2023) (citations and

quotation marks omitted).

As our Supreme Court has explained,

[t]o be entitled to PCRA relief, a petitioner must establish, by a preponderance of the evidence, that the conviction or sentence resulted from one or more of the enumerated errors set forth in 42 Pa.C.S.[A.] § 9543(a)(2).  These include, *inter alia*, a constitutional violation or ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.[A.] § 9543(a)(2)(i)-(ii)….

***Commonwealth v. Johnson***, 289 A.3d 959, 979 (Pa. 2023).

With this in mind, we address Appellant's first two issues together, as they are related. Appellant first argues that an aggregate prison term of 60 years to life constitutes a *de facto* LWOP sentence. Appellant's Brief at 13. Appellant directs our attention to case law in other jurisdictions holding that a minimum sentence of sixty years in prison constitutes a *de facto* LOWP sentence. *Id.* at 13-15. Relatedly, Appellant challenges this Court's prior conclusion that

> only [Appellant's] 30-years-to-life sentences, and not the aggregate 60-years-to-life sentence, should be considered in determining there his sentence constitutes a *de facto* [LWOP] sentence….

*Id.* at 16. Appellant points out the Pennsylvania Supreme Court has not yet opined on this issue. *Id.*

Appellant directs our attention to the decision of the Maryland Supreme Court in *Carter v. State*, 192 A.3d 695 (Md. 2018). According to Appellant, the Maryland Supreme Court stated, "Whether a sentence, stacked or otherwise, is excessive under the Eighth Amendment can never be litigated in the abstract, but must be assessed on a case-by-case basis." Appellant's Brief at 17 (quoting *Carter*, 192 A.3d at 730 (quotation marks omitted)). Relying on *Carter*, Appellant argues that sentences arising from a single event should be considered no differently than a single sentence. *Id.* at 18.

Appellant points out decisions in other jurisdictions concluding that an aggregate term-of-years sentence may give rise to a *de facto* LWOP sentence.

***See id.*** at 18-19 (citing case law from California, Colorado, Florida, and Nevada). In summary, Appellant argues that his

> [c]onsecutive 30-year sentences result in an aggregate 60-years-to-life sentence. He will not be eligible for parole until he is in his late 70s. Such a sentence does not provide him with a meaningful opportunity to obtain release before the expiration of his sentence and is therefore a *de facto* [LWOP] sentence….

***Id.***

In his second issue, Appellant argues that a *de facto* LWOP sentence violates Section 13 of the Pennsylvania Constitution, which prohibits cruel punishment. ***Id.*** at 25-26; ***see*** Pa. Const. § 13. Appellant claims that the body of Pennsylvania case law deeming Section 13 coextensive with the Eighth Amendment, does not employ the four-factor analysis provided by our Supreme Court in ***Commonwealth v. Edmunds***, 586 A.2d 887, 890 (Pa. 1991). Appellant specifically distinguishes the following statement by this Court in ***Commonwealth v. Bonner***, 135 A.2d 592, 597 n.18 (Pa. Super. 2016):

> The Pennsylvania prohibition against cruel and unusual punishment is coextensive with the Eighth and Fourteenth Amendment of the United States Constitution. Therefore, we do not conduct a separate analysis of Appellant's state constitutional claim.

Appellant's Brief at 27 (quoting ***Bonner***, 135 A.2d at 597 n.18). According to Appellant, the ***Bonner*** Court relied on ***Commonwealth v. Zettlemoyer***, 454 A.2d 937 (Pa. 1983), which was decided before ***Edmunds***. Appellant's Brief at 27.

Conducting an **Edmunds** analysis, Appellant argues that (1) the history of Section 13 is "starkly different" from that of the Eighth Amendment, **see id.** at 28; (2) other jurisdictions interpreted similar provisions more broadly, **see id.** at 31; (3) policy considerations weigh in favor of interpreting Section 13 as distinct from the Eighth Amendment, **see id.** at 35; and (4) Appellant's sentence is cruel under the Pennsylvania Constitution, **see id.** at 39.

Before addressing Appellant's substantive claim, we first address whether Appellant is eligible for PCRA relief. To be eligible for PCRA relief, a petitioner must show the claim has not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, … or on direct appeal could not have been the result of any rational, strategic[,] or tactical decision by counsel." 42 Pa.C.S.A. § 9543(a)(3), (a)(4). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2). An issue is waived if the petitioner "could have raised it but failed to do so before trial, at trial[,] … on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

Our review discloses Appellant previously appealed his new, post-**Miller** sentences imposed by the trial court. **See Foust**, 180 A.3d at 438. In that appeal, Appellant raised the following issue:

> Is it unconstitutional to impose a sentence of 60 years to life, a *de facto* sentence of [LWOP], on a juvenile absent a finding that the juvenile is one of the rare and uncommon juveniles who is

permanently incorrigible, irreparably corrupt[,] or irretrievably depraved?

*Id.* at 421-22. In addressing Appellant's direct-appeal challenge, this Court comprehensively reviewed Pennsylvania's prior statutory scheme for juveniles convicted of first- and second-degree murder; the history of punishment for juvenile offenders; United States Supreme Court precedent; Pennsylvania statutory reform; and Pennsylvania Supreme Court precedent. ***See id.*** at 422-30. Further, this Court addressed Appellant's claim of a *de facto* LWOP sentence, and his challenge to the constitutionality of his *de facto* life sentence. ***See id.*** at 430-34.

Significantly, in his appeal following resentencing, this Court expressly addressed Appellant's challenge to his aggregate sentence. ***Id.*** at 434-36. We addressed the application of ***Roper***, ***Graham***, and ***Miller*** "regarding the decreased deterrent effect that accompanies harsher punishments for juveniles." ***Id.*** This Court further considered holdings from other jurisdictions. ***See id.*** at 434-35 ("[T]his issue has arisen in our sister states where courts reached differing conclusions on whether individual sentences or the aggregate sentence determine the presence of a *de facto* LWOP sentence." (citing cases)). Ultimately, this Court concluded as follows:

> We have scrutinized relevant Pennsylvania case law, prior decisions of the Supreme Court of the United States, and persuasive authority from other jurisdictions. Although we acknowledge that there is ground for differing views, we believe that we are on sound legal footing and consistent with Pennsylvania law. Accordingly, we hold that we must consider the individual sentences, not the aggregate, to determine if the trial

court imposed a term-of-years sentence which constitutes a *de facto* LWOP sentence.

*Id.* at 437-38. Consequently, this Court upheld the constitutionality of Appellant's sentence. ***See id.*** at 438.

Instantly, Appellant again challenges the constitutionality of his aggregate sentence as a *de facto* LWOP sentence. As stated above, Appellant previously challenged his sentences as a *de facto* LWOP sentence, as well as the constitutionality of a LWOP sentence for juvenile offenders. As this issue was previously litigated, Appellant is not eligible for relief under the PCRA. ***See Commonwealth v. Davido***, 106 A.3d 611, 627 (Pa. 2014) ("[A] PCRA petitioner cannot obtain additional review of previously litigated claims by presenting new theories of relief[.]" (citation omitted)). Appellant's first two issues merit no relief.[2]

_____

[2] We additionally observe that in ***Commonwealth v. Felder***, 269 A.3d 1232 (Pa. 2022), our Supreme Court held at

> [a] life-without-parole sentence for a juvenile murderer is thus constitutional, and hence no violable ***Miller*** claim exists, **so long as the sentence is not mandatory** – that is, [] so long as the sentencer has discretion to consider the mitigating qualities of youth and impose a lesser punishment….

*Id.* at 1243 (emphasis added, internal quotation marks and citation omitted). In her concurrence, Justice Donohoe noted that the ***Felder*** decision "does not foreclose further developments in the law as to the legality of juvenile life without parole sentences (or their de facto equivalent as alleged here) under the Pennsylvania Constitution nor as to how appellate courts will review the discretionary aspects of such sentences." *Id.* at 1247. However, those developments are best left to the Supreme Court and the General
*(Footnote Continued Next Page)*

In his third issue, Appellant challenges the discretionary aspects of his sentence. Appellant's Brief at 19. Appellant again challenges the constitutionality of his sentences. *Id.* However, Appellant additionally asserts that the sentencing court "failed to meaningfully take into account any factor other than the crime itself." *Id.* He additionally argues that his sentence is unconstitutional because "the sentencing court found that [Appellant's] crime reflected transient immaturity, but nonetheless sentenced him to *de facto* [LWOP]." *Id.* at 20.

Appellant argues the sentencing court improperly failed to consider his youth and attendant circumstances, and improperly sentenced him based solely on the nature of the crime. *Id.* at 21. Appellant challenges the adequacy of the sentencing court's reasons for imposing its sentence. *Id.* Appellant has included in his brief a statement of reasons relied upon for challenging the discretionary aspects of his sentence. *See id.* at 11-12; *see also* Pa.R.A.P. 2119(f) (requiring a separate statement of the reasons relied upon for allowance of appeal, when challenging the discretionary aspects of sentencing).

---

Assembly. *See e.g., In re Adoption of J.M.B.*, 308 A.3d 1262, 1277 (Pa. Super. 2024) ("It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court and to the General Assembly.")

To the extent that Appellant challenges his sentence as an unconstitutional *de facto* LWOP sentence, we conclude Appellant is ineligible for relief, as stated above. Although Appellant additionally challenges the discretionary aspects of his sentence, his claim merits no relief. "Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA." **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007). As such, the PCRA court properly denied relief. Appellant's third issue merits no relief.

For the foregoing reasons, we affirm the PCRA court's order denying Appellant's petition for relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/26/2024